# THE VILLAGE OF WARREN

*v.*

## JOHN W. WRIGHT.

*Filed at Ottawa June 21, 1882.*

1. EVIDENCE—*in action for injury from defective sidewalk—evidence in rebuttal, as to previous physical condition of the plaintiff.* In an action against a village to recover damages for injuries from the falling of a sidewalk, the plaintiff claiming that he received an injury in his back, the defendant introduced evidence of a previous complaint on his part of weakness in the back. In answer to this, witnesses on the part of the plaintiff were allowed to testify to their not having heard any complaint by him in regard to his back previous to the accident: *Held,* that though of a negative character, and entitled to but little, if any, weight, it was not irrelevant.

2. SAME—*as explanatory of plaintiff continuing a journey after he was injured.* A party, after receiving a personal injury from a defective sidewalk in this State, went to Canada, where his deposition was taken in a suit by him to recover damages. In the cross-examination he was asked if he stopped over at any place on his return to Canada, and answered that he did not, and then said in explanation that a physician on the train advised him not to stop off over night, but to get home as soon as he could: *Held,* that in rebuttal of the inference as to his physical condition, which might be drawn from the fact of his being able to go through to Canada without any stopping, it was proper for him to give his reason for not stopping over.

3. SAME—*as to physical condition of plaintiff a year before receiving a personal injury.* Where a plaintiff left Canada to go to the village of Warren, in this State, in March, 1876, and there received a personal injury in May, 1877, by the falling of a sidewalk, in a suit by him against the village, evidence on the part of the plaintiff as to his good physical condition when he left Canada was objected to as too remote: *Held,* that as there was testimony on the part of the defendant as to the poor health of the plaintiff but a short time after his coming to Warren, the objection was without force.

4. ERROR WILL NOT ALWAYS REVERSE—*as to admission of evidence.* On the trial of an action to recover for an injury from a defective sidewalk, the court admitted on the part of the plaintiff evidence of the rebuilding of the walk, the manner in which it was built, and that it was different from the mode of the original construction: *Held,* that while this evidence should not have been received, yet as there was much testimony that the sidewalk had come to be in a manifestly defective and unsafe condition, the reception of such evidence was not a fatal error.

5. In the same proceeding it was error to admit evidence on the part of the plaintiff that he was a married man, and had a family; but the defendant

having proved the same fact, and the plaintiff's counsel afterwards having withdrawn such evidence from the jury, the error was regarded as a harmless one, though there might be a question whether the withdrawal of the plaintiff's evidence on this point would have cured the error.

6. INSTRUCTION—*giving facts of one side only.* An instruction which sets forth at length the facts as testified to by the party's own witnesses, and upon the hypothesis of the belief of such facts directs the jury how to find, is objectionable, and is properly refused.

7. SAME—*stating facts as constituting due care.* An instruction is faulty which details certain facts as constituting ordinary care and diligence, instead of leaving it to the jury to determine, from all the evidence in the case, whether there had been the exercise of due care and diligence by the party charged with negligence.

8. SAME—*construed—as whether assuming a controverted question of fact.* In an action against an incorporated village to recover for a personal injury alleged to have resulted from a defective sidewalk, the defendant asked an instruction to the effect that if the sidewalk was constructed by adjacent lot owners then there would be required of the corporation only a certain measure of diligence. The court modified this instruction by saying, "that where a corporation *authorizes* the lot owner to construct the sidewalk, it is the duty of the corporation," etc. The modification was held not to be obnoxious to the criticism that it *assumed* that the corporation authorized and directed the construction of the sidewalk, or that it was done under its supervision, when that was a contested point in the case whether the sidewalk was thus constructed, or was built entirely by the lot owner. The word "authorize" imported no more than the corporation *allowing* the lot owner to construct the sidewalk, as he might well have done under the village ordinance.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Jo Daviess county; the Hon. JOHN V. EUSTACE, Judge, presiding.

Messrs. LUKE & JONES, for the appellant, among other objections to the evidence, presented the following:

The admission of evidence that the plaintiff was a married man, and had a family, was error, and without palliation or excuse. See this case, 5 Bradw. 433; *City of Chicago* v. *O'Brennan*, 65 Ill. 163; *Pittsburg, Ft. Wayne and Chicago R. R. Co.* v. *Powers*, 74 id. 343; *Chicago and Northwestern R. R. Co.* v. *Moranda*, 93 id. 303.

The error in the admission of this evidence was not cured by its subsequent withdrawal several days after it was given. *Lafayette, Bloomington and Mississippi R. R. Co.* v. *Winslow et al.* 66 Ill. 223; *Lycoming Fire Ins. Co.* v. *Rubin,* 79 Ill. 408.

Messrs. D. & T. J. SHEEAN, for the appellee:

Sidewalks being a part of the street, it is the duty of an incorporated city or village having control of the streets to keep the sidewalks thereon in repair and in a safe condition, and the corporation will be liable in damages to any one injured from a neglect to discharge this duty: *City of Bloomington* v. *Bay,* 42 Ill. 503; *City of Joliet* v. *Varley,* 35 id. 58; *City of Chicago* v. *Herz,* 87 id. 541.

The fact that the city authorities impose the duty of constructing sidewalks upon the lot owners, will not relieve the city from liability in case a sidewalk, no matter by whom constructed, is suffered to be and remain out of repair. *City of Bloomington* v. *Bay,* 42 Ill. 507; Cooley on Torts, 625.

After a reasonable time has expired for city authorities, by the use of due diligence, to learn of defects in the streets or sidewalks, and they are not repaired, the city will be guilty of such negligence as to render it liable for any injury produced thereby. *Schmidt* v. *Chicago and Northwestern Ry. Co.* 83 Ill. 406; *City of Rockford* v. *Hildebrand,* 61 id. 156; *City of Springfield* v. *Doyle,* 76 id. 202.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action, brought against the village of Warren, to recover for an injury sustained from the falling of a sidewalk, on May 11, 1877, upon which plaintiff was standing at the time. There was a recovery for $2000. On appeal to the Appellate Court for the Second District the judgment was affirmed, and an appeal taken by the village to this court.

The errors assigned are in the respect of the admission of testimony, and of instructions.

Plaintiff claimed that he received injury in his back. There was evidence on the part of defendant of complaint by plaintiff of weakness in the back previous to the accident. In answer to this, witnesses on the part of plaintiff were allowed to testify to their not having heard any complaint by him in regard to his back previously to the accident in question, and exception is taken to this. We can not say that this testimony was wholly irrelevant, although, being of a negative character, it might be entitled to little, if any, weight. If the circumstances were such that complaint would be likely to have been made had there been such ailment, then the testimony would have been worthy of consideration.

The plaintiff came from Canada to Warren, in the spring of 1876, and some time after the occurrence of the accident returned to Canada. His deposition was taken in the case. In a cross-interrogatory on the part of defendant he was asked if he stopped over at any place in returning from Warren to Canada, and answered that he did not, and then said in explanation that a physician on the train advised him not to stop off over night, but to get home as soon as he could, and the admission of this evidence is complained of. In rebuttal of the inference as to the physical condition of the plaintiff which might be drawn from the fact of his being able to go through from Warren to Canada without any stopping, we think it was proper for him to give the reason for his not stopping over. We find no force in the objection that the evidence on the part of the plaintiff as to his good physical condition at the time he left Canada, in March, 1876, to go to Warren, was too remote, the happening of the accident not being until on May 11, 1877, as there was testimony on defendant's part as to the poor health of plaintiff but a short time after his coming to Warren.

Objection is made to the admission of evidence of the rebuilding of the sidewalk after its fall, the manner in which it was rebuilt, and that it was different from the mode of the original construction. This testimony could only have been relevant as founding an inference that the sidewalk was defectively constructed originally, and that there was a want of ordinary care in that respect. We think it was inadmissible for that purpose. The fact of the falling of the sidewalk might well have suggested a different mode of construction to guard against the possibility of a like occurrence, when there might have been originally no culpable negligence in not foreseeing such a disaster, and in the mode of original construction. From other causes, too, a different and improved mode of construction might have been adopted, and while we think the evidence should not have been received, yet there was so much testimony in the case that the sidewalk had come to be in a manifestly defective and unsafe condition, we do not think the reception of this evidence should be held to be a fatal error.

Evidence was admitted and excepted to that plaintiff was a married man, and had a family. It was error to admit this evidence. *City of Chicago* v. *O'Brennan*, 65 Ill. 163; *Pittsburg, Ft. Wayne and Chicago R. R. Co.* v. *Powers*, 74 id. 343. But the same facts were brought out and made to appear in testimony introduced on the part of the defendant, and in a subsequent stage of the trial, too, this evidence was withdrawn by plaintiff's counsel from the consideration of the jury. Although there might be question as to whether such withdrawal cured the error of admission, (*Lafayette, Bloomington and Mississippi R. R. Co.* v. *Winslow*, 66 Ill. 223, and *Lycoming Fire Ins. Co.* v. *Rubin*, 79 id. 408,) yet in view of the like facts appearing in the testimony introduced by the defendant, we must regard the error of admitting the evidence as a harmless one.

The eleventh and fifteenth instructions asked on the part of the defendant were to the effect that if the sidewalk was constructed by the adjacent lot owners, and appeared to be in safe condition, the defendant could not be held liable, unless it had actual notice of the defect in the sidewalk, or that the defect existed for such a length of time that if the defendant had exercised reasonable or ordinary care and diligence, it would or should have known of the defect in time to have repaired the same before the falling of the sidewalk, to which the court added the following: "It being also the law, to be considered by the jury in connection with these instructions in this case, that where a corporation authorizes the lot owner to construct the sidewalk, it is the duty of such corporation to use ordinary care to see that it is constructed so as to be reasonably safe, and where it occupies and uses a sidewalk which has already been constructed by the lot owner, it is the duty of such corporation to use ordinary care to determine whether it has been so constructed as to be reasonably safe for persons using it with ordinary care and prudence." As thus modified, the court gave the instructions to the jury. It is insisted the instructions should have been given as asked, and that the modification of them was erroneous. The criticism made upon the language, that it *assumes* that the corporation authorized and directed the construction of the sidewalk, or that it was done under its supervision, when that was a contested point in the case whether the sidewalk was thus constructed or was built entirely by the lot owners, does not strike us as correct. The word "authorize," which is used, imports no more, that we see, than the corporation *allowing* the lot owner to construct the sidewalk, as he might do under the provisions of the ordinance of the corporation in evidence for building the sidewalk, levying a tax therefor, and declaring that if the lot owner made the sidewalk in conformity with the ordinance by a time named, he should not be taxed therefor. The instructions as asked

recognized the liability of the defendant if the defect in the sidewalk would have been discoverable by the exercise of ordinary care and diligence, and the modification made by the court was no more than that where the sidewalk was constructed by a lot owner by the permission and allowance of the corporation, it is the duty of the latter to use ordinary care and diligence to see that the sidewalk is reasonably safe. What was required by the instructions as asked, and as modified, was reasonable care and diligence in seeing to the safety of the sidewalk, and we perceive no such essential change in the modification of the instructions as to afford any substantial ground of complaint.

The refusal to give the sixteenth instruction asked by the defendant is complained of as error. This was a long instruction, reciting at length particulars of divers examinations as having been made by officers of the corporation for the purpose of ascertaining the condition as to safety of the sidewalk, and instructing if such examinations had been made, and the sidewalk appeared to be reasonably safe, and' that afterward the defendant did not have any notice of the unsafe condition of the sidewalk long enough before it fell to have repaired the same, and if the sidewalk was originally constructed so as to be reasonably safe for public use, that then the defendant had exercised ordinary care and diligence to see that the sidewalk was reasonably safe for public use, and was not guilty of negligence entitling the plaintiff to recover. This instruction was objectionable in setting forth at length facts as testified to by defendant's witnesses, and upon the hypothesis of the belief of such facts directing the jury how to find. This form of instruction has been repeatedly condemned by this court. *Harris* v. *Cornell,* 80 Ill. 54; *Martin* v. *Johnson,* 89 id. 539; *Logg* v. *The People,* 92 id. 598; *Thorp* v. *Goewey,* 85 id. 612. The instruction was further faulty in detailing certain of the facts which would constitute ordinary care and diligence, instead of leaving it

to the jury to determine whether, from all the evidence in the case, there had been the exercise of due care and diligence on the part of the corporation. This instruction was properly refused.

It is complained that the damages are excessive. There was evidence going to show the injury to have been a very serious one, and of a permanent character, and we find no sufficient reason for disturbing the judgment on the ground last named, if it were one open to our consideration, as to which we express no opinion.

The judgment will be affirmed.

*Judgment affirmed.*