The people of the state of New York sued Charles H. Rohrs and George Boldt to recover penalties for violation of Laws 1885, c. 183, §§ 7, 8, under section 19, to prevent deception in dairy products. Verdict for plaintiff by order of the court, and judgment on the verdict. Defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Albert Reynand*, for appellants. *E. B. Thomas* and *W. P. Quin*, for respondents.

PER CURIAM. The defendants in this action were sued to recover penalties under the act of 1885 entitled "An act to prevent deception in the sale of dairy products." The act provided that whoever violated its provisions should be guilty of a misdemeanor, and be punished by fine or imprisonment, and, in addition, should forfeit and pay a fixed penalty of $500. The defendants offered to prove that the defendant Rohrs had been tried for the offenses charged in the complaint in the court of special sessions, and acquitted. This offer was rejected, and exception taken. The parties to the criminal proceeding were the people, the plaintiffs in this action, and Rohrs, one of the defendants in this action. The question litigated in the criminal proceeding was whether or not Rohrs had violated the statute. It was judicially determined that he had not so done. It would seem, therefore, that the very question to be tried in this action had already been litigated between the parties, and determined in the defendant Rohrs' favor. The difficulty, however, in holding that the result in the criminal proceeding estopped the people from trying the question of Rohrs' violation of the statute in this action, arises from the fact that, if Rohrs had been found guilty in the criminal action, the record in that action would not have been evidence against Rohrs in this action, and therefore, because of the want of mutuality, no estoppel can arise. Greenleaf (1 Ev. § 524) lays down this rule with great distinctness. In section 537 he also lays down the rule that a verdict and judgment in a criminal case cannot be given in evidence in a civil action to establish the facts upon which it is rendered; and, among other grounds why a verdict of acquittal in a criminal case should not be received as evidence in a civil case, he suggests that the verdict might have been rendered by collusion with the public prosecutor,—a somewhat insufficient reason, as the public prosecutor is presumed to do his duty. In Phillips on Evidence the rule is also laid down that the record in a criminal case is not evidence in a civil case, because of the want of mutuality. In both of these writers, however, one of the strong grounds relied upon is the fact that the parties to the two actions are not the same,—a ground inapplicable to the case at bar. The fact, however, that there is a want of mutuality still exists, and this seems to be an answer to the appellant's claim.

The objection that the court erred in taking the case from the jury, and directing a verdict, is not well taken, because the defendants at the trial made no claim that there was any question to be submitted to the jury; but, on the contrary, insisted that there was not, by claiming that the court should direct a verdict in favor of the defendants. The exceptions which have been brought to our attention by the appellant upon his points not being well taken, the judgment appealed from must be affirmed, with costs.

---

TIMPSON *v.* MANHATTAN RY. CO.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

NEGLIGENCE—EVIDENCE—SUBSEQUENT PRECAUTIONS.

In an action to recover damages for personal injuries received by slipping on ice on defendant's railway platform, plaintiff, under objection, introduced testimony showing that, after the accident, sand, ashes, etc., were sprinkled upon the ice, which testimony raised the natural inference of prior negligence on the part of defendant. *Held,* that evidence of subsequent precaution is not admissible to show

prior negligence, and, it appearing that its admission may have influenced the result, judgment should be reversed, and a new trial granted. MACOMBER, J., dissenting.

Appeal from circuit court, New York county; INGRAHAM, Justice.

Action by Jared A. Timpson against the Manhattan Railway Company, to recover damages for personal injuries received by plaintiff by slipping upon ice on the platform of one of defendant's stations. Verdict of $6,000 for plaintiff. Defendant appeals from judgment on the verdict and the order denying motion for new trial.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ.

*Hugh L. Cole*, for appellant. *James M. Hunt*, for respondent.

BARTLETT, J. In this action the plaintiff recovered a verdict of $6,000 against the defendant, as damages for its negligence in permitting ice to remain upon the platform of one of its stations, and render the same dangerous, so that, while he was leaving the train of the defendant on which he was a passenger, he slipped and fell, and dislocated his knee. There is enough competent proof in the case to sustain the verdict, unless some error was committed in the admission of evidence or in the charge to the jury. The plaintiff testified that he remained in the station about half an hour after his injury, and was then taken into the cars again. He was asked whether he noticed the condition of the platform when he was carried out. Objection was made to this question on the ground that the subject had been gone over fully on the previous day of the trial. The objection was overruled, and exception was taken, and the plaintiff answered that he did. The witness was next asked to state what the condition of the platform was when he was carried out. The same objection and ruling were made, exception was duly taken, and the witness answered: "It was in a better condition, and not so slippery. I saw that something had been put on the platform; whether it was sand or ashes, or some other substance, I am unable to tell." Counsel for defendant then moved to strike out the answer, on the ground that evidence of subsequent reparation should not be given as proof of negligence. The court denied the motion, and counsel took an exception.

The objection to the question that called out this evidence was properly overruled. It was limited solely to the ground that the subject had previously been exhausted. Not until the motion to strike out was made, was the attention of the court called to the point that the proof had no legitimate bearing on the question of negligence. Where testimony gets into a case in this way, it has been held that the court is not bound to strike it out on motion, but the remedy is to ask that the jury be directed to disregard it. *Marks* v. *King*, 64 N. Y. 628; *Platner* v. *Platner*, 78 N. Y. 90; and *Pontius* v. *People*, 82 N. Y. 339. No request for instructions to the jury in reference to this evidence was made in the case at bar, and it may be, therefore, that the record would not furnish sufficient ground for the reversal of the judgment by reason of the admission of proof tending to show that the platform was sprinkled with sand or ashes immediately after the accident, if no evidence but that of the plaintiff had been introduced on this subject. But another witness, Louis Cirker, was examined to prove the same state of facts, and this time the defendant's counsel made his objection broader. This witness saw the plaintiff fall, and testified that the platform was slippery when he fell. Subsequently he assisted the plaintiff into the cars, when he started for home. The witness noted the condition of the platform at this time. When asked to state what he then saw in regard to the platform, the question was objected to as irrelevant and incompetent, the objection was overruled, exception was taken, and the witness answered: "When I carried Mr. Timpson out, with the assistance of some other gentlemen, I know there was sand on the platform." He also stated that the platform was not slippery at that time. The only inference to

be drawn from this evidence, and the inference which the plaintiff must have desired to have the jury draw, was that the defendant had made the platform safe after the plaintiff was hurt.    This fact, however, if it was a fact, could not be properly considered upon the question whether the defendant had previously been negligent or not.    An accident may happen which could not be reasonably foreseen, and for which no one is to blame, and yet which at once suggests the adoption of some precaution the necessity of which could not have been known before.    It would be a harsh rule of law which would make the subsequent adoption of this precaution evidence of prior negligence.    That it is error to receive such proof is clear on principle, and is settled by authority.    *Dougan* v. *Transportation Co.*, 56 N. Y. 1;  *Baird* v. *Daly*, 68 N. Y. 547, 541;  *Salters* v. *Canal Co.*, 3 Hun, 338.    In those cases where evidence as to changes after an accident has been held to have been properly received, it was either admitted without objection, or because it was competent in some other light than merely as an admission of negligence at the time of the injury.    In the present case, however, it is impossible to see that it had any other tendency.    On the oral argument, the suggestion was made that it showed the existence of unused facilities for making the platform safe; that if the sand was there it ought to have been put on the platform sooner.    But the presence or absence of the sand on the platform in no wise affected the obligation of the defendant towards its passengers.    It was bound to be alert, when there was ice on the platform, to remove the ice, or make it safe by placing sand upon it, or in some other way.    *Weston* v. *Railroad Co.*, 73 N. Y. 595;  *Sheppard* v. *Railway Co.*, 20 Wkly. Rep. 705.    And it owed this duty just the same whether it had the sand at the station, or had failed to provide any sand at all.    The trial judge, in denying the motion to dismiss the complaint at the end of the plaintiff's case, said that the question as to the defendant's negligence was a close one.    Here, then, as in *Baird* v. *Daly, supra*, it cannot be said that the admission of any evidence to which objection was taken may not have influenced the result.    The judgment should therefore be reversed, and a new trial should be granted, because of the reception of the testimony as to what the defendant did to the platform after the accident had happened.

With reference to a new trial of the case, and in view of the recent decision of the court of appeals in *Lafflin* v. *Railroad Co.*, 106 N. Y. 136, 139, 12 N. E. Rep. 599, it is deemed proper to intimate a doubt as to whether the utmost care and diligence are required of the carrier in the maintenance of such a platform as that on which this injury occurred.    It was not necessary to apply any more stringent rule than that adopted in the case of *Weston* v. *Railroad Co.*, above cited, to justify the submission of this case to the jury. Judgment reversed, and new trial granted, with costs to abide event.

VAN BRUNT, J., (*concurring.*)    I concur in the conclusion arrived at by Mr. Justice BARTLETT in this case.    The cases cited by Mr. Justice MACOMBER do not seem to apply to the facts of the case at bar.    In the cases cited the evidence was in its introduction expressly limited to an issue to which it was undoubtedly applicable, viz., showing the exercise of authority over the place where the accident happened, from which could be inferred that the defendants assumed control over it, and were liable for its condition.    In the case at bar no limitation was put upon the evidence in its introduction, and it does not seem that it could be introduced for any purpose, as is shown by Justice BARTLETT's opinion.

MACOMBER, J., (*dissenting.*)    It does not seem to me that the testimony of the plaintiff and of Louis Cirker was incompetent.    Assuming—without discussing the question—that it would not be admissible by way of establishing a reparation of the premises, and thus inferentially establish the original charge of negligence against the defendant, there is a view of the case which

renders the evidence competent. It tended to establish the fact that the defendant, having provided and having at hand materials to make the platform of the station safe and secure, did not use them. If I understand the argument of the counsel for the respondent aright, that is all that is claimed for the evidence, and all that the jury were asked to derive from it. If putting the sand upon the platform had rendered it safe, it was the duty of the defendant's employes to use it; and the fact that they understood well that it was necessary to apply that material, or some other, at certain times in the winter, is established sufficiently enough by the evidence that they had obtained and had on hand for that purpose such facilities. Though evidence of making repairs after an accident may not be admissible to establish the fact of actual negligence, yet such evidence is often received incidentally. For instance, in *Morrell* v. *Peck*, 88 N. Y. 398, the erection of a railing after an accident was held to be admissible in evidence to show possession by the highway commissioners of sufficient funds. In *Sewell* v. *City of Cohoes*, 75 N. Y. 45, the passage of a resolution of the common council after the accident, directing the removal of a bridge, was held to be competent as tending to show that the defendant exercised authority and control over the strip of land. Even in *Dale* v. *Railroad Co.*, 73 N. Y. 468, where the inadmissibility of such evidence to establish negligence is most strongly asserted, the court say: "The case is not analogous to those in which evidence has been admitted of the repairing of a road immediately after an accident. In such a case, the making of the repairs may be regarded as some evidence that they were needed, and consequently that the road was out of repair." See, also, the same principle asserted in *Harvey* v. *Railroad Co.*, 19 Hun, 559, and *Westfall* v. *Railway Co.*, 5 Hun, 75; while in *De Forest* v. *City of Utica*, 69 N. Y. 615, the accident occurred Saturday evening, and the court held it not to be error to admit evidence showing the condition of the walk on the next Monday. The evidence was also admissible, as being merely descriptive of the condition of the premises, and by way of fortifying the recollection of the witnesses. The sanding of the ice followed so soon upon the accident that naturally the time when it was done, whether before or after the accident, might easily have been deemed to be in dispute. Suppose witnesses in behalf of the defendant had testified that in point of fact the sand had been put on the ice before the plaintiff slipped, could it be successfully claimed that the plaintiff could not show that such repairs were made after the accident, in order to strengthen and explain the force and truth of his previous testimony? No more than this has been done in this case. The witnesses simply say, in substance, that when they went forward the ice was slippery, and when they came back it was not, because it had been sanded. In my opinion, the judgment should be affirmed.