JARED A. TIMPSON, Respondent, v. THE MANHATTAN
RAILWAY COMPANY, Appellant.

*Accident — resulting from slipping upon ice on the platform adjacent to the cars of
an elevated railroad — liability of the company.*

In an action, brought to recover damages for injuries sustained by the plaintiff on
the defendant's railroad, it appeared that the plaintiff, in leaving the train of the
defendant, stepped upon the platform of the station, slipped and fell and received
the injuries complained of.

There had been a considerable fall of snow the day before the accident, which
there had been an attempt to remove from the platform, and it was snowing
and sleeting, and the wind was blowing hard, on the day of the accident, and
the platform upon which the plaintiff alighted was slippery either from snow
or ice. No sand or ashes had been put upon the platform with a view to
improving its condition.

*Held,* that a proper case was presented for the consideration of the jury.

That different rules as to the obligation of the company were applicable to the
portion of the platform upon which a passenger must necessarily alight, from
those which related to places which a passenger had an option whether he world
make use of or not.

Appeal from judgment in favor of plaintiff on a verdict for
$5,000, rendered after a trial at the New York Circuit, and
entered in the office of the clerk of the county of New York,
November 23, 1888, and from an order denying a motion for a new
trial, entered in said office November 21, 1888.

*Howard Townsend,* for the appellant.

*James M. Hunt,* for the respondent.

Van Brunt, P. J.:

This action was brought to recover damages for personal injuries
received by the plaintiff, by slipping upon ice upon the platform of
the defendant's station, and, in falling, striking against an iron
pillar and thus injuring himself.

This case was tried once before and came up to this court upon
appeal, and we see no reason now to change the opinion then
expressed, that there was enough of competent proof to sustain the
verdict, although we were compelled to reverse the judgment
because of an error in the reception of evidence. It is true that
there has been called to our attention, upon this appeal, a decision

of the Court of Appeals which had not been rendered upon the argument of the previous appeals; and although it may be difficult to reconcile entirely the reasoning of the court in the last case cited (*Palmer* v. *Penn. Ry. Co.*, 12 N. Y., 234) with some previous decisions, yet it seems to us that, in construing the particular facts of that case, it should not be held to overrule the authority of previous cases, which seem to be entirely applicable to the facts disclosed by the evidence in the case at bar.

The evidence showed that there had been a considerable fall of snow the day before the happening of the accident, and that this snow had been attempted to be removed by shovels or brooms. It also showed that it was snowing and sleeting and the wind blowing hard on the day of the accident, and that the platform upon which the plaintiff was compelled to alight from the defendant's cars was slippery, whether from snow or ice is not particularly material; and there was also evidence tending to show that no sand or ashes had been put upon the platform for the purpose of ameliorating its dangerous condition. Upon this condition of the evidence, it seems to us clear that the defendant was not entitled to a dismissal of the complaint.

In the case of *Weston* v. *New York Elevated Railway Company* (73 N. Y., 595) it was held that the defendant was bound to be alert during cold weather, and see whether there was ice upon the platform, and to remove it or make it safe by sanding it, or by putting ashes upon it, or in some other manner. Consequently, upon the fact being shown that this platform was in this slippery condition, and that no means had been used by either sanding or putting ashes upon the platform to make it safe for passengers who were compelled to land upon it, a *prima facie* case was made out against the defendant.

It is true that, in the opinion in the case of *Palmer* v. *Pennsylvania Railroad Company*, above-mentioned, the learned judge who delivered the same makes use of language which seems to be inconsistent with the rule above laid down. But we think that until it is distinctly held by the Court of Appeals that no such diligence is to be used upon the part of railroad companies in respect to the maintenance of that part of the platform upon which the passenger is bound to alight, as to which he has no choice, we cannot concur

in the view that mere ordinary care discharges the duty of the company to its passengers.

In the case of Palmer, above cited, the conclusion of the court may well have been founded upon the fact that the plaintiff in that case was well aware of the condition of the platform of the cars, and, notwithstanding the fact that he knew that these platforms were slippery and covered with ice, yet failed to use the precautions which a passenger would naturally take to prevent falling under those circumstance, and, therefore, he was guilty of contributory negligence. We do not think that the care which the railroad company owes to its passengers is discharged the moment its train stops. We presume that that care continues and the same diligence must be exercised upon the part of the company until the passenger is safely discharged at least. Different rules must be applied to those portions of the platform upon which the passenger must necessarily alight from those in respect to the care and keeping of other parts of the platform, as to the going upon which the passenger has an option, and may or may not make use of the same. In the case of *Hulbert* v. *New York Central Railroad Company* (40 N. Y., 145), it was held that passengers have a right to suppose that adjacent to the cars the ground admits of their going safely out. And the court further said, "within the limits in which persons necessarily and ordinarily go to and from the trains, it is necessary that the company keep the ground safe." And we are of opinion that the rule, as laid down in the case of Weston, is as favorable to the defendants as can prevail. The learned court in the trial of this case presented this issue fairly and squarely to the jury, and, as we have seen, there was a *prima facie* case made out in favor of the plaintiff. It was for the jury to determine as to whether the defendant had discharged itself of its obligation as laid down by the charge of the court, in view of the evidence offered upon its behalf. The jury having come to the conclusion that it had not, and there being evidence enough to justify them in arriving at the result which they did, we see no reason whatever for disturbing the verdict.

The judgment appealed from should be affirmed, with costs.

BARTLETT, J., concurred.

Judgment affirmed, with costs.