MARDER, LUSE & COMPANY

v.

WILLIAM C. LEARY.

*Negligence—Unguarded Elevator Shaft—Personal Injuries—Evidence —Subsequent Improvement.*

1. Where evidence is admissible for some, but not all purposes, the same should not be excluded from the jury. If it is apprehended that they would be misled thereby, the danger should be obviated by proper instructions.

2. It is the rule in this State that evidence of the subsequent improvements of that portion of given premises which caused a personal injury, is admissible in actions brought for the recovery of damages therefor.

3. In the case presented, an unprotected elevator shaft being the cause of the injury, the plaintiff having been rightfully upon the premises in question, this court declines to interfere with the judgment for the plaintiff.

[Opinion filed March 10, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Messrs. Flower, Smith & Musgrave, for appellant.

That in a proper case a cause should be reversed because of the improper remarks of counsel unduly prejudicial to the defeated party, has been held in the following cases, among others: Henry v. R. R. Co., 121 Ill. 264; Earll v. The People, 99 Ill. 123; Brown v. Swineford, 44 Wis. 290.

The court permitted the plaintiff to prove, over the objection and exception of appellant, that immediately after the accident the appellant erected further and additional protection to the elevator well in question, placing a crossbar in the partition of the elevator well in addition to the door which had, at the time of the accident, been the only protection. That is to say, the court allowed the plaintiff to show as evidence of prior negligence, the fact that subsequent to the accident the defendant had erected additional safeguards and barriers. This evidence was most efficiently used by counsel, as shown in part by the extracts from his speech included in the abstract, and is, as we believe, clearly erroneous. Shearman & Redfield on Negligence, Vol. 2, Sec. 382; Hudson v. C. & N. W. Ry., 59 Iowa, 584–5; Morse v. Minn. & St. L. Ry., 30 Minn. 468; Timpson v. Manhattan Ry., 1 N. Y. Supplement, 673; Village of Warren v. Wright, 103 Ill. 298.

Messrs. W. P. Black and A. B. Chilcoat, for appellee.

Garnett, J. The judgment appealed from is for personal injuries suffered by appellee from a fall through an elevator shaft in a building controlled and occupied by appellant.

The admission of incompetent evidence for the plaintiff is the first error assigned. The door through which appellee

walked into the shaft, was open at the time of the injury, and there was no bar, or other protection, across the opening. Appellee was allowed, over appellant's objection, to prove that the next day a bar was erected there as a guard. The competency of this evidence is certainly a question upon which the courts are not in accord. The latest decision in Minnesota denies its admissibility. Morse v. Minneapolis & St. L. Ry. Co., 30 Minn. 465. The same view is held in New York and Iowa. Dougan v. Transportation Co., 56 N. Y.; Baird v. Daly, 68 N. Y. 547; Timpson v. Manhattan Ry. Co., 1 N. Y. Supplement, 673; Hudson v. C. & N.W. R. R. Co., 59 Iowa, 581. The contrary is the rule in Pennsylvania. West Chester & Philadelphia R. R. Co. v. McElwee, 67 Pa. St. 311; McKee v. Bidwell, 74 Pa. St. 218. Similar evidence was admitted in C., B. & Q. R. R. Co. v. Gregory, 58 Ill. 272, and although the question does not appear to have been raised, the court comments on the evidence as strengthening the theory that the instrument which caused the injury then in question, was in a dangerous situation when the plaintiff was hurt. The Village of Warren v. Wright, 103 Ill. 298, denies the competency of the evidence, but since the decision in City of Chicago v. Dalle, 115 Ill. 386, it must be conceded that the law for this court requires its admission· The latter case, to be sure, only admits the evidence for the purpose of establishing the condition of the *locus in quo* at the time of the fall. "It is the well settled practice that where evidence is admissible for some but not other purposes, the court should not exclude it from the consideration of the jury. If it is apprehended that such evidence might mislead the jury, the danger should be obviated by proper instructions." Farwell v. Warren, 51 Ill. 467; C. R. I. & P. Ry. Co. v. Clark, 108 Ill. 114; Webster v. Enfield, 5 Gilm. 298.

Appellant's objection to the evidence was general, and no attempt was made to have the proof confined to *its* legitimate effect, by instruction from the court. So it would seem that the first assignment of error can not be sustained.

The verdict is vigorously assailed by counsel for appellant on the ground that it is against the overwhelming weight of

evidence.   We have with much care and labor examined the record for a verification of this assertion, and at the end, find it belongs to the class where the finding of the jury on the facts is conclusive.   It is not denied that the door of the elevator through which Leary fell was generally kept wide open, and the entrance left wholly unguarded.   Leary was lawfully upon the premises, engaged in some gas-fitting work which his employer had been engaged to do by appellant.   The evidence certainly tended to prove that Leary was not familiar with the premises about the elevator door where he fell, or with the fact that the door was open at the time, or with the habit of appellant in keeping it standing open and unprotected.   And there was ample evidence to warrant the jury in finding that the door to the shaft was in a dark and dangerous situation and a menace to the life of any person unacquainted with the surroundings, whose business carried him to its vicinity.   The evidence was very conflicting on these points and presented a case which the jury had the right to determine according to their best judgment.

The remarks of appellee's counsel to the jury in his closing address to the jury were a trifle beyond the allowable limit, but were not of such a serious character as to call for a reversal of the judgment.

No complaint is made of the giving or refusing of instructions.

There is no error and the judgment is affirmed.

*Judgment affirmed.*