HOUSTON & T. C. R. CO. v. HENDERSON.

(Court of Civil Appeals of Texas. Austin. May 22, 1912. Rehearing Denied June 29, 1912.)

CARRIERS (§ 318*)—PASSENGER'S ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE.

In a passenger's action for injuries, which the testimony introduced by her tended to show was caused by her slipping on a banana or apple peeling on the car steps, where there was testimony that no employé was present to ascertain the condition of the steps before the passengers commenced to alight, a verdict for the passenger was justified by the evidence, since the jury might have found that the failure to have an employé there for that purpose was negligence.

[Ed. Note.—For other cases, see Carriers. Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

Appeal from District Court, Robertson County; J. C. Scott, Judge.

Action by Clara Henderson against the Houston & Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and O. L. Stribling, of Waco, for appellant. J. L. Goodman, C. W. Kinard, and Morehead & Perry, for appellee.

KEY, C. J. In this case appellee obtained a verdict and judgment against appellant for $1,500 for injuries alleged to have resulted from a fall, sustained by her while a passenger upon and while alighting from one of appellant's trains.

The main and controlling question of law involved in this case was involved and decided in Railway Co. v. Gresham, 140 S. W. 483, decided by the Dallas Court of Civil Appeals. In that case the plaintiff charged the defendant with negligence in permitting the steps of its passenger coach, upon which she attempted to disembark, to become wet and slippery, thereby causing her to fall and sustain certain physical injuries. In the case at bar the plaintiff charged that the defendant was guilty of negligence in permitting a banana or apple peeling to be upon one of the car steps where she disembarked from the train, and that was the only ground of liability submitted to the jury. Her testimony tended to show that there was a banana peeling upon the second step, and that without fault upon her part she stepped upon the peeling referred to, which caused her foot to slip, thereby throwing her upon the ground and causing the injuries complained of. Another witness testified that he got off at the same place before the

defendant did, and that he saw an apple peeling upon the second step as he was leaving the car, and avoided stepping upon it. The conductor in charge of the train and the brakeman assisting him testified that the car in question was a vestibule car, and that the steps were kept closed in and protected between stations, and that neither of them saw any banana or apple peeling upon the steps by which the plaintiff alighted from the car. They also testified that they did not see her fall, nor hear her give any alarm, and that they were in positions where they would have done so, if such things had occurred. The plaintiff testified that when her foot slipped she fell to the ground, and was assisted by others to get up. Her witness hereinbefore referred to testified that soon after leaving the car he heard some one scream, and when he turned around saw two men assisting plaintiff to arise from the ground; that he went to her assistance, and that he accompanied her from Bremond, the station in question, to Calvert, upon another train, and carried her to a doctor's office, where she received medical aid. The doctor referred to testified that he found her shoulder joint dislocated, and that he had to give her an anæsthetic and manipulate it for quite a considerable time before he could get it replaced. The plaintiff gave testimony tending to show other injuries.

The plaintiff's witness already referred to testified that the coach in question was not a vestibule car. The conductor testified that he was present at the end of the car when the plaintiff and other passengers disembarked, and that there was no banana or apple peeling upon the steps. The plaintiff's testimony and that given by her witness was to the effect that neither the conductor nor any other train employé was present at that end of the car when the train stopped and the passengers got off. Their testimony contradicted that given by the conductor in that respect. The brakeman testified that in closing the vestibule doors of the car, after the train had passed the previous station, he observed the steps in question, and that no banana or apple peeling was upon them. As before stated, the plaintiff's witness testified that it was not a vestibule car; and if he told the truth, there was no vestibule door to close, and the brakeman did not tell the truth when he said that he closed that door and saw the steps in question while so doing. The plaintiff's claim agent and a stenographer who accompanied him gave testimony to the effect that some time after the alleged fall and injury the plaintiff and her witness, who was a fellow passenger, made statements concerning the matter, and that neither of them stated that there was a banana or apple peeling upon either step of the car, and that they stated, in effect,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

that they did not know what caused the plaintiff to fall.

The foregoing is a brief résumé of the testimony bearing upon the question of appellant's liability; and it is contended in appellant's brief that it fails to show that it or its employés were guilty of negligence on the occasion in question, and therefore the case should be reversed. Counsel for appellant have cited and quoted from several cases from other states, some of which are not altogether analogous, and may have been correctly decided, and in some of which expressions were used by the appellate courts which we are not prepared to indorse. In trying this case the trial court, quite properly, seems to have taken the Gresham Case as a standard; and in that case, among other things, the court said: "The plaintiff was a passenger on appellant's train, and was, when injured, in the act of alighting from the car. The court correctly instructed the jury that it was the duty of appellant's agents, servants, and employés to use that high degree of care to keep the steps provided for passengers to alight from its coaches in a reasonably safe condition to so alight as would be exercised by very prudent persons under the same circumstances. The evidence was sufficient to raise the issue as to whether the platform and steps of the car were properly equipped, and whether there was negligence in permitting the steps to become muddy and slippery. There was no error in submitting the case to the jury, and in refusing appellant's requested charge, instructing a verdict in defendant's favor. Missouri Pac. Ry. Co. v. Wortham, 73 Tex. 25 [10 S. W. 741, 3 L. R. A. 368]; San Antonio Traction Co. v. Flory [45 Tex. Civ. App. 233], 100 S. W. 200. The fact that the steps may have become slippery and muddy by reason of a very recent rain is immaterial under the facts. It was the duty of appellant to maintain and keep its steps from which its passengers were to alight from its coaches in a reasonably safe condition for them to do so in safety. The degree of care to be used for this purpose was that due from a carrier to its passenger. The charge so instructing the jury was correct. Timpson v. Manhattan Ry. Co., 52 Hun, 489, 5 N. Y. Supp. 684; Ainley v. Manhattan Ry. Co., 47 Hun [N. Y.] 207; Weston v. New York Elevated Ry. Co., 73 N. Y. 595."

In the case at bar, if the plaintiff and her corroborating witness told the truth, the car in question was not a vestibule car. No employé of defendant was present to ascertain the condition of the steps when the train stopped and the passengers commenced to alight; and we think that the jury could properly find that it was negligence not to have an employé there for that purpose, and that if he had been there, attending to his duties, he probably would have discovered and removed the substance which caused the plaintiff to fall before she stepped upon it. Hence we conclude that the plaintiff's testimony sustains the finding of the verdict to the effect that the defendant was guilty of negligence in the particular referred to, and that the plaintiff was not guilty of contributory negligence. These findings settle the question of liability.

The only remaining question of fact is the contention that the verdict is excessive, and all we care to say in reference to that is that, if the jury gave credence to the testimony submitted on behalf of the plaintiff, we cannot hold that the verdict is excessive. It may be conceded that it is large, but it is not without evidence to support it. In the Gresham Case it was held that a verdict for $6,000 was not excessive, although it was not clear that the injuries were permanent. So in this case, while the plaintiff's injuries may not be permanent, there was testimony tending to show that they were serious; and we cannot say that the verdict is so large as to indicate that the jury was actuated by passion or other improper motive.

There are some assignments addressed to the court's charge, to the refusal of requested instructions, and to rulings upon the admissibility of testimony, all of which have been considered, but are not regarded as meritorious, and are overruled. We think the court's charge, when construed in connection with requested instructions that were given, presented the law of the case fully and fairly, and that appellant has no ground of complaint in that respect.

No error has been shown, and the judgment is affirmed.

Affirmed.