HENRY MORRELL, Respondent, *v.* BENJAMIN R. PECK AND OTHERS, COMMISSIONERS OF HIGHWAYS, ETC., APPELLANTS.

*Action for negligence — evidence that the alleged defect was subsequently repaired, not admissible in.*

The plaintiff, who was blind in one eye, while passing in the night-time over a bridge, which was not guarded by a railing, unexpectedly met a loaded team, in attempting to avoid which he stepped off the bridge and sustained injuries, to recover damages for which this action was brought against the commissioners of highways. Upon the trial before the court, without a jury, the plaintiff was allowed, against the defendants' objection and exception, to show that after the accident the defendants had, in pursuance of a resolution adopted prior thereto, placed a railing upon the bridge, and this evidence was considered by the court as bearing upon the question of the defendants' negligence.

*Held,* that the court erred in admitting the evidence.

How far proof of the subsequent erection of the rail was admissible for the purpose of proving funds in defendants' hands, and that they exercised control over the bridge; and its admissibility when considered in connection with the fact that the railing was put up in accordance with a resolution adopted prior to the accident, considered by LEARNED, P. J.

APPEAL from a judgment in favor of the plaintiff entered upon the trial of this action by the court without a jury.

The action was brought to recover damages for an injury alleged to have been sustained by the plaintiff, by falling from a bridge over a stream in the village of Waterford.

The alleged negligence of the defendants, the commissioners of highways, consisted in their failure to place a railing upon the south side of the bridge, that being the side from which the plaintiff fell.

*J. S. L'Amoreaux,* for the appellants.

*J. W. Lansing,* for the respondent.

BOARDMAN, J.:

This action was brought to recover damages for an injury done to plaintiff in falling from a bridge which was not guarded by a railing.

Within the case of *Hart* v. *Hudson River Bridge Company*, lately decided by the Court of Appeals, the question of defendant's negligence and of plaintiff's contributory negligence were, under the evidence, questions of fact to be decided by the court upon the trial. The plaintiff was proved to have been upon the bridge, to have fallen therefrom, presumptively, from the lack of a railing, and to have been injured by such fall. His want of contributory negligence is asserted from the evidence of his blindness in one eye, and that he was unexpectedly met in the night-time on the bridge by a loaded team which he attempted to avoid and stepped off. It is a much stronger case than Hart's where the court held the evidence should have been submitted to the jury.

But the plaintiff was allowed, under objection and exception, to prove that the defendants, in a day or two after the plaintiff's injury, put up the railing on the side of this bridge where the accident occurred. Such evidence is in conflict with the decisions of the Court of Appeals and of this court following the same. *Dougan* v. *Champlain Transportation Company* (56 N. Y., 1) is almost identical with the case under consideration. Plaintiff's intestate slipped under a gangway railing from a steamer into the lake and was drowned. Plaintiff was permitted to show that after the accident the defendant caused the open space to be boarded up. This was held to be immaterial and incompetent as evidence of negligence.

So in *Baird* v. *Daly* (68 N. Y., 547, 551) a recovery was had for partially swamping a scow, being towed by defendant's tug at too great a rate of speed. In that connection it was proved by plaintiff that after the disaster the scow was towed at less speed. It was held to be improper, but the impropriety is attributed to the altered circumstances which sufficiently accounted for the slower speed. Again, the admission of evidence of a change in the character of a switch after an accident is error. (*Salters* v. *D. and H. Canal Co.*, 3 Hun, 338, 341.) To the same effect is *Payne* v. *Troy and Boston Railroad* (9 Hun, 526).

The evidence objected to in this case was received " and was considered upon the question of defendant's negligence." It could only have been considered as an implied admission of the necessity of such a railing, and that defendants were negligent in not having

erected it before. But the true rule requires evidence of negligence, based upon circumstances at or prior to the accident. It is an old and true saying that accidents always happen in a way that one did not expect.

It would be unfortunate if no provision could be made against a repetition of the disaster, because such act would be construed into an admission that it was negligence not to have it done before.

For the error in receiving the evidence the judgment must be reversed and a new trial granted, costs to abide the event.

BOCKES, J., concurred.

LEARNED, P. J. (dissenting):

There are one or two points which make me doubt whether the admission of proof of the erection of a railing was error.

The case was tried before the court without a jury.

To hold defendants liable, it was necessary or competent to prove funds in their hands. Proof of the erection of the railing was offered for this purpose, and also to show that they exercised control over the bridge. For that purpose it was proper. (*Sewell v. Cohoes*, 11 Hun, 626.)

Then it appears that the railing was put up in accordance with a resolution passed *prior* to the accident. In that view it was not an *after thought*, but was evidence that, before the accident, the defendants thought a railing necessary.

It is true that at folio 475 of the case it is said that the subsequent erection of the bridge was considered on the question of defendants' negligence. But if it was evidence that they had funds, or that they had control of the bridge, then it was proper on the question of their negligence. Their negligence consisted in not putting up a rail *when they had funds* (or the means to obtain funds), and when they had control of the bridge. And the fact that they had decided to put up a railing *before* the accident, and did put it up after, is not objectionable under the *Dougan v. Champlain case*, although they carried out their decision afterwards.

Judgment reversed, new trial granted, costs to abide event.