Barnard, P. J.
The plaintiff owns a lot of land fronting upon Twenty-fourth street, Brooklyn. There is a building upon it, used for a residence and store by the plaintiff. The defendant Railroad Company, without any right, have put steam motors upon the street in front of his store and dwelling, and, the proof tends to show, have so used these motors as to cast ashes and dust in the house, and made the street so noisy day and night as to make it very uncomfortable, either for a residence or for business purposes. The business has fallen off in the plaintiff’s store from fifty to seventy dollars per week, as it was before the use of the steam motor ten to fifteen dollars per day.
The grievance complained of has continued since November, 1877. The verdict was for $1,000. There is but one point made upon the appeal, as to the admission of evidence. The defendant called as a witness Mrs. Julia Scott. She lived and kept a small store opposite to that of plaintiff, and she was asked this question by defendant:
Q. So far as you can judge, do you think the running of the cars in the street affects your business ?
A. It never injured me in the least.
*48 Objection sustained; answer stricken out. Exception taken.
The witness stated that she knew nothing of the effect on the business of the plaintiff, and her opinion as to her own business was properly excluded. As a fact, it had no relevancy, unless under precisely similar circumstances.
The plaintiff was cut off from the witnesses’ side of the street, and Mrs. Scott’s business may have been increased by the very injury inflicted on the plaintiff. Whether the dust and smoke and ashes were placed so as to affect the two places alike does not appear. The case is not like Baird v. Daily (68 N. Y., 547). The, question was as to the seaworthiness of a scow.
Proof was given tending to show that the scow was good, and it was held -error to refuse the opinion of an expert that she was unseaworthy.
The only point made is that the injury to the business, and the discomfort of the residence, cannot be both reviewed in the action. The complaint is addressed to both subjects.
It avers an injury to the business and building, and such a use of the street by the defendant as to be a great nuisance and damage to the plaintiff.
The judgment should therefore be affirmed, with costs.
Dykman and Pratt, J. J., concur.