JOHN P. CAHOON AND REYNOLDS CAHOON, CO-PARTNERS, UNDER THE NAME OF JOHN P. CAHOON & BROTHER, RESPONDENTS *v.* BRIGHAM E. WEST, JESSE W. FOX, JR., AND ALBERT FISHER, APPELLANTS.

CONVERSION—OF GOODS BY ATTACHMENT—TESTIMONY OF ATTACHMENT DEFENDANT—CROSS-EXAMINATION—SCOPE OF—GOOD FAITH —OF WITNESS — IN FORMER TRANSACTION — RANGE OF CROSS-EXAMINATION.

*Conversion—Of Goods by Attachment—Testimony of Attachment Defendant—Cross-Examination—Scope of.*

In an action for conversion of goods, by a levy and sale in an attachment proceeding, testimony by the attachment defendant, placed on the witness stand by plaintiffs, that he was "the party who made the bill of sale (of the goods in question) to plaintiffs," was tantamount to saying not only that he executed the paper writing, but that he delivered the goods; and defendants were then entitled to cross-examine the witness as to all matters connected with the transaction.

*Good Faith—Of Witness—In Former Transaction—Range of Cross-Examination.*

Where the good faith of a transaction, in which a certain witness was the principal actor, is directly involved, a wide range should be permitted on cross-examination.

(Decided June 16, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action on an official bond against the principal and sureties to recover damages for the alleged wrongful taking and disposing of certain goods claimed by plain-

tiffs. From a judgment for plaintiffs defendants appeal. *Reversed*.

*George L. Nye, Esq.*, for appellants.

The court erred in sustaining plaintiffs' objection to the questions asked the witness Winder on cross-examination.

Winder was the defendant in the attachment suit. He was the one who was supposed to have made the bill of sale. He is a brother-in-law of plaintiffs and was produced by them as a witness and the first question asked by plaintiffs' counsel was:

Q. You are the party who made the bill of sale to J. P. Cahoon & Bro. are you?

A. Yes, sir.

Appellants insist that they were entitled therefore to cross-examine Winder at length, concerning all of the transactions of the alleged transfer and change of possession of the goods mentioned in the bill of sale.

No plea of fraud was necessary. The *bona fides* of the alleged transfer and bill of sale was directly attacked by the statute, Sec. 2837 C. L. U. 1888, Sec. 2473 R. S., and we were entitled to have all the facts before the court.

Mr. Rice in his valuable work on evidence, Sec. 585, says:

" On the cross-examination counsel should be allowed free range within the subject matter of the direct examination, ( *Buckley* v. *Buckley*, 12 Nev. 423 ), and a wide latitude should be given to a party who has to prove a negative, ( *Anderson* v. *Russell*, 34 Mich. 109 ), or to one examining a witness who was a participant in an alleged fraud." *Anderson* v. *Walter*, 34 Mich. 113; *Jacobson* v. *Metzger*, 35 Mich. 103; *Baird* v. *Daly*, 68 N. Y. 547.

Rice on Evidence, Secs. 586-7, lays down a rule of law broader than that for which we contend. " The cross-examination of a witness cannot be confined strictly to the precise subjects called to his attention upon direct examination, but should be allowed to extend to any matter not foreign to the subject matter of such examination, tending to limit, explain or modify it." *Haynes* v. *Ledyard*, 33 Mich. 319; *Baird* v. *Daly*, 68 N. Y. 547; *Campau* v. *Dewey*, 9 Mich. 381; *Insurance Co.* v. *Crampton*, 43 Mich. 421; *Kalk* v. *Fielding*, 50 Wis. 339-344; *Detroit, etc., R. R. Co.* v. *Van Steinberg*, 17 Mich. 99-109; *Turrer* v. *Grand Rapids*, 20 Mich. 390; *The Farmers' Ins. Co.* v. *Crampton*, 43 Mich. 421.

*Messrs. C. F. & F. C. Loofbourow*, for respondents.

Whatever may be the English rule upon this subject, the rule invoked by appellants in this case is not the American rule.

In Rice on Evidence, Vol. 1, p. 586, it is said:

"A party has no right to cross-examine any witness except as to facts and circumstances connected with the matters stated on his direct examination. If he wishes to examine him upon other matters, he must do so by making the witness his own, and calling him as such in the subsequent progress of the case."

Stewart Rapalgie—Law of Witnesses, Sec. 246.

"In this country the weight of authority undoubtedly is that the right to cross-examine a witness is limited to the matters stated by him in his direct examination. * * * The better opinion seems to be that if it be desired to examine a witness upon matters other than those drawn out upon his direct examination, the party must make the witness his own, and call him as snch. *Railway Co.* v. *Stimpson*, 14 Peters, 593; Wharton's

Law of Evidence, Sec. 529; Greenleaf on Evidence, Vol. 1, Sec. 425; Ency. of Pleading & Practice, Vol. 8, p. 102, (about 100 cases cited); *Atwood* v. *Marshall*, 25 Neb. 173 (71 N. W., 1064); *State Bank* v. *Waterhouse*, 70 Conn. 76 (38 Atlantic, 904).

We invoke the rule laid down in *Omaha National Bank* v. *Thompson*, 39 Neb. 269 (57 N. W. 997).

"While great latitude must of necessity be given in the cross-examination of witnesses charged with participation in fraudulent transactions which are the subject-matter of defense pleaded, yet this latitude is subject to limitation in the sound judicial discretion of the trial judge; and unless it is made to appear in this court that such discretion has been exercised to the injury of the complaining party, the judgment will not be reversed merely because of such limitation."

BARTCH, C. J.

This is an action on an official bond against the principal and sureties, to recover damages for the alleged wrongful taking and disposing of certain goods claimed by the plaintiffs. It appears from the record that the goods in question, consisting of whiskey and other liquors, originally belonged to one R. H. Winder, a saloon keeper, and, the plaintiffs claim, they were turned over to them in part payment of a debt owed them by Winder. The defendant West, as constable, under an attachment proceeding, in an action commenced before a justice of the peace by the Murray Meat & Live Stock Company against R. H. Winder, made a levy on the goods and afterwards sold the same on execution. At the trial of this cause the plaintiffs recovered judgment against all of the defendants who thereupon appealed.

The decisive question, as to this appeal, is whether the court erred in sustaining plaintiff's objection to certain questions asked the witness Winder on cross-examination. The witness, who was the defendant in the attachment suit, in his examination in chief, was asked questions and testified in part, as follows:

"*Q.* You are the party who made the bill of sale to J. P. Cahoon & Bro., are you?

"*A.* Yes, sir.

"*Q.* You were then engaged in the liquor business at Murray, were you?

"*A.* Yes, sir.

"*Q.* Were you familiar with the value of liquors at that time and at that place?

"*A.* Yes, sir."

On cross-examination the witness was asked, among others, the following questions: "That bill of sale was given by you to J. P. Cahoon & Bro., was it? Mr. Winder, were these goods mentioned in the bill of sale delivered by you to John P. Cahoon & Bro. on the date mentioned in the bill of sale? Were those goods mentioned in this bill of sale moved from the place where they were found on the day of this transaction, or were they left in the same place, or any of them left in the same place where they were found by J. P. Cahoon & Bro. when they were there on the morning of the second of August?" We are of the opinion that the action of the court, in refusing to permit the witness to answer these questions on cross-examination was erroneous and prejudicial to the rights of the appellants. These and other similar questions, suggested in the offer of proof by counsel for the defendants, were intimately connected with the subject matter of the examination in chief, and were calculated to test the *bona fides* of the bill of sale. The witness was the

defendant in the attachment suit, which was commenced on the day after the bill of sale was alleged to have been made, and, in his examination in chief stated that he made the bill of sale to J. P. Cahoon & Bro., was in the liquor business and acquainted with the value of liquors.

The witness was shown to be the owner of the goods, and when he stated that he "made the bill of sale to Cahoon & Bro." it was tantamount to saying that he not only executed the paper writing but delivered the goods, for without delivery of the goods there could be no valid bill of sale which would affect the rights of other creditors. The appellant, therefore, was entitled to cross-examine the witness concerning all matters connected with that transaction to ascertain whether or not a valid bill of sale had in fact been made as testified to by the witness. "A witness may be cross-examined as to his examination in chief in all its bearings." 1 Whart. on Ev. Sec. 530.

Mr. Rice, in his work on evidence, Vol. 1, p. 585, says: "On cross-examination counsel should be allowed a free range within the subject-matter of the direct examination; and wide latitude should be given to a party who has to prove a negative; or to one examining a witness who was a participant in an alleged fraud." And again, on page 586, the author says: "The cross-examination of a witness cannot be confined strictly to the precise subjects called to his attention upon his direct examination, but should be allowed to extend to any matter not foreign to the subject-matter of such examination, tending to limit, explain or modify."

In the case at bar the good faith of the transaction in which the witness was the principal actor, was directly involved, and therefore a wide range ought to have been permitted on cross-examination. *Detroit & Milwaukee R. R. Co.* v. *Steinberg*, 17 Mich. 99; *Jacobson* v. *Metz-*

*ger*, 35 Mich. 103; *Kalk* v. *Fielding*, 50 Wis. 339; *Baird* v. *Daly*, 68 N. Y. 547.

We do not deem it necessary to consider or pass upon any other point presented. The judgment must be reversed and the cause remanded with directions to the court below to grant a new trial.

It is so ordered.

MINER, J., and BASKIN, J., concur.