(86 App. Div. 107.)

## SULLIVAN v. CITY OF ROME.

(Supreme Court, Appellate Division, Fourth Department.   July 7, 1903.)

1. SERVANT'S INJURIES—SAFE PLACE TO WORK—EXPERT TESTIMONY.
   In an action for injuries to a servant caused by a ditch caving in, witnesses explained the difference between the method of bracing the ditch adopted by defendant which plaintiff claimed as negligent and that of bracing by sheathing the walls. *Held*, expert testimony that in the judgment of witness it was not safe to work in a ditch such as plaintiff was working in without sheathing the walls was inadmissible.

2. MUNICIPAL CORPORATIONS—PUBLIC WORKS—DUTY TO EMPLOYÉ—FORMULATION OF RULES.
   It is no part of the duty of a municipality to formulate and enforce rules respecting the performance of labor on its public works, but the means to be adopted in each instance is a matter of judgment upon the part of the official whose duty it is to oversee and superintend the same.
   Spring and Hiscock, JJ., dissenting.

Appeal from Trial Term, Oneida County.

Action by Michael Sullivan against the city of Rome. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Howard C. Wiggins, for appellant.
D. F. Searles, for respondent.

ADAMS, P. J.   The plaintiff brings this action to recover damages for personal injuries which he claims to have received while engaged in the work of digging a water trench in and for the city of Rome.

The evidence tends to show that this trench was about seven feet deep and five feet wide at the top, the side walls sloping to about half the depth of the trench, from which point to the bottom the width thereof was only about one foot.   For the purpose of protection to the plaintiff and others engaged in digging this ditch, the defendant, it appears, had caused a plank to be placed against one side of the trench near the top of the same, and then had inserted braces from this plank to the other side.   Notwithstanding this provision against accident, the bank of the trench did cave in, in consequence of which the plaintiff received the injury of which he complains, and he seeks to recover therefor in this action upon the theory that the defendant was guilty of negligence in employing the method of bracing above referred to, rather than that of sheathing the walls of the trench.   In support of this contention, one Andrew Wilson was called by the plaintiff as an expert witness, and during the course of his examination was asked the following question:

"Q. In your judgment, would it be safe to work in the bottom of a ditch from six to seven feet deep, and of the other dimensions that I have mentioned in my question to you, without having sheathing of some kind to hold the dirt back from caving in, with such soil as is there at that place?"

This question was objected to as incompetent, improper, and immaterial, but the objection was overruled by the learned trial court, and the witness was permitted to answer, which he did in these words:

"No, I don't think it is safe."

We think this exception presents error which is fatal to the plaintiff's recovery, for the witness was asked and permitted to express an opinion upon the precise question which the jury were ultimately to determine. Hoffman v. D. & H. Co., 16 App. Div. 572, 44 N. Y. Supp. 949; Roby v. Am. Central Ins. Co., 11 N. Y. St. Rep. 93. And while this circumstance of itself is perhaps no longer a valid objection to the expression of an opinion by a witness, yet evidence of this character is only allowed when from the nature of the case the facts cannot be stated or described to the jury in such a manner as to enable them to form an accurate judgment for themselves. Baird v. Daly, 68 N. Y. 547; Ferguson v. Hubbell, 97 N. Y. 507, 49 Am. Rep. 544; Clark v. Bruce, 12 Hun, 274–276; Schwander v. Birge, 46 Hun, 66. This, it is hardly necessary to suggest, is not such a case. As has already been stated, the claim of the plaintiff was that sheathing was a more certain means of protection against caving in of the walls of the ditch than the method adopted by the defendant; and witnesses were called to explain and describe the difference between these two methods, and from the description thus given it was an easy matter for the jury to determine which of the two was the safer. Within the rule laid down in the cases cited, this was peculiarly a question for them to determine, and we think no witness, however expert, should have been permitted to stand in their place and decide it for them.

Again, one Charles T. Hayden, who, it seems, was the superintendent of the defendant's water department, was called as a witness for the plaintiff, and permitted, over the defendant's objection, to testify that his department had no rules or regulations governing its employés with reference to the sheathing or shoring of trenches, of any kind. When the defendant's counsel objected to this evidence, a colloquy ensued between him and the court, which terminated in the admission of the evidence, to which ruling counsel duly excepted, and when the court came to charge the jury he expressly stated to them that the question of rules on the part of the water department was a matter to be considered by them. We have never understood that it was any part of the duty of a municipality to formulate and enforce rules respecting the performance of labor upon its public works. In this respect a city or village is very different from a railroad company, and it would be quite difficult, if not impossible, to formulate rules which would govern and control the action of the heads of its various departments. As in the present case, by way of illustration, the proper course to pursue for the protection of employés from possible danger of the caving in of the trench would depend in large measure upon the character of the soil and the nature and dimensions of the trench itself; and, while it may be that sheathing would be not only efficient but necessary under some conditions, bracing might be equally proper and efficient in

others. ·It follows, therefore, from the very necessity of the case, that the means to be adopted in each instance is a matter of judgment upon the part of the official whose duty it is to oversee and superintend the work.

As was said by the trial justice in disposing of the defendant's motion for a nonsuit, the plaintiff's right to recover in this case at the very best is somewhat questionable, and we think that, in view of this fact, a verdict ought not to be permitted to stand which may in any degree have been influenced by improper and incompetent evidence. These views lead to the reversal of the judgment and order appealed from.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event, upon questions of law only, the facts having been examined, and no error found therein. All concur, except SPRING and HISCOCK, JJ., who dissent.