(149 App. Div. 367.)

IANNONE v. UNITED ENGINEERING & CONSTRUCTION CO.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1912.)

MASTER AND SERVANT (§ 270*)—INJURIES TO SERVANT—EVIDENCE—RELEVANCY—METHOD OF WORK—CHANGE AFTER INJURY.

   Decedent died· as the result of an injury received by an explosion of dynamite used in rock excavation, and in an action for his death his intestate claimed negligence, in that proper warning signals were not provided, and that others engaged in similar work signaled the contemplated blast by the blowing of a whistle or horn. *Held*, that evidence, as part of plaintiff's main case, that after the accident defendant adopted and thereafter continued the practice of sounding a steam whistle as a signal that a blast was about to be fired, was inadmissible.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

Appeal from Trial Term, Erie County.

Action by Primiano Iannone, as administrator of the estate of Frank Alvis, deceased, against the United Engineering & Construction Company. From a judgment for plaintiff on a jury's verdict, and from an order denying defendant's motion to set aside the verdict and for a new trial, made upon the minutes of the court, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Clinton B. Gibbs (Layton H. Vogel, on the brief), for appellant. Horace O. Lanza, for respondent.

ROBSON, J. Plaintiff's intestate, an employé of defendant, and being then engaged in its service, was injured by an explosion of

dynamite used by it in rock excavation. His death followed as a result of the injury. Plaintiff based his claim that the injury was due to defendant's negligence, principally upon the charge that the system, or method, then employed by it to give warning to its employés that a blast was about to be fired, was insufficient and improper. Evidence was presented tending to prove that the warning signals used by others for that purpose included the sounding of a steam whistle, or, in the absence of the means of giving that warning, by blowing a horn. A finding that the system of signals then in use by defendant was inadequate was warranted by the proof. But the question of the inadequacy of the signals then employed was a close one.

Plaintiff was permitted to show that after the accident defendant itself adopted and thereafter continued the practice of sounding a steam whistle as a signal that a blast was about to be fired. Defendant duly objected to this evidence, and exception was taken to its reception. We think this evidence was incompetent. It was offered and received as a part of plaintiff's evidence in chief, and could be considered as then material only for the purpose of showing defendant's negligence at the time of the accident. Evidence of alterations, repairs, or improvements made by defendant after an accident is usually incompetent, either to show defective conditions at the time of the accident, or for other purposes. Corcoran v. Village of Peekskill, 108 N. Y. 151, 15 N. E. 309; Getty v. Town of Hamlin, 127 N. Y. 636, 27 N. E. 399; Young v. Mason Stable Co., 96 App. Div. 305, 310, 89 N. Y. Supp. 349. The apparent reason why such evidence is both incompetent and prejudicial is thus stated by O'Brien, J., in Clapper v. Town of Waterford, 131 N. Y. 382, 390, 30 N. E. 240, 242:.

"Upon whatever pretense such evidence is put into the case, it is generally used to mislead the jury. It is sometimes accepted by them as an admission of negligence, and its natural tendency is undoubtedly to influence them in that direction. Whether the defendant was negligent was a question to be decided upon the facts as they existed at the time of the injury, and anything that was done by the commissioner afterwards could have no legitimate bearing on that question, and since this action now lies against the town such testimony should be excluded."

See, also, Encyclopædia of Evidence, vol. 8, pp. 914-918.

Evidence of a subsequent change in the system or method of conducting defendant's business is also incompetent for a like reason. Baird v. Daly, 68 N. Y. 547, 551; Motey v. Pickle Marble & Granite Co., 74 Fed. 155, 159, 20 C. C. A. 366; Southern Ry. Co. v. Simpson, 131 Fed. 705, 65 C. C. A. 563. The case appearing in the record now before us does not present anything to show that defendant claimed that it was at the time of the accident impracticable to give a warning signal by the use of a horn, a method suggested by plaintiff's witnesses as a proper one, and no other fact or condition appears as a reason why this evidence was competent, as being an exception to the general rule that it is inadmissible.

The judgment and order should be reversed, and a new trial granted, with costs of this appeal to appellant to abide event. All concurred.