The grounds upon which negligence was claimed to be imputable to the defendant were, that the bridge was too narrow for the safe passage of the car in which the plaintiff was riding, and that the bridge was out of repair, some of the boards on the side being loose and warped, and liable to project; and it was urged on the trial that the injury to the plaintiff's arm was attributable to these defects in the bridge. All these positions were controverted by the defendant. It claimed that the side of the car not having come in contact with any part of the bridge the plaintiff's elbow could not have been hit, unless it projected out of the window, beyond the side of the car, and that it was negligent on his part to occupy the window with his arm, or to allow any part of his arm to project out of it. It appeared in evidence that the bridge in question was constructed of wood. It was a truss bridge, the inside of the truss-work being covered with a sheathing of boards. The distance between the outside of the window-sill of the car and the inside of the truss-work on the side on which plaintiff was sitting was seven inches. The bridge had been in use a number of years before the accident, about fifty passenger trains crossing it daily. The accident took place in August, 1871. In the following year the wooden bridge was taken down and a new one of iron placed upon the same foundation. The trusses of the new bridge did not rise as high as the window sill. Testimony was received, under objection, to the effect that on the new bridge the distance between the rails and the sides of the trusses were greater than on the old one; but it appeared that this difference arose from the fact that the new trusses being of iron occupied *Page 472 
less space than the wooden ones. The judge, at the trial, submitted to the jury the question, among others, whether the old bridge was too narrow for the cars used upon it; and he specially called their attention to the fact that it appeared that some few months after the accident a new iron bridge was built and placed upon the same foundation as the old bridge, but that it was wider, because of the material being iron instead of wood, and he charged the jury: "You may take that fact into consideration in determining whether the defendants were not guilty of negligence in allowing the old bridge to remain."
We think that this was error. The change in the bridge, from wood to iron, was made a considerable time after the accident, and there was no circumstance or evidence connecting it in any way with that occurrence, or tending to show that it was other than an ordinary betterment of the road. The circumstance that the change of material left more space between the sides of the trusses and the track was too remote, we think, to have afforded legitimate ground for an inference by the jury that the change was made for the purpose of obtaining that increase of space, or that it was a concession on the part of the defendant that the old bridge was too narrow for safety. It was a mere incident of the change of material. Furthermore, the increased space was of no importance as bearing upon the safety of passengers, when resting their arms upon the window-sills, for in the new bridge the trusses were not as high as the sills. The case is not analogous to those in which evidence has been admitted of the repairing of a road immediately after an accident. In such a case the making of the repairs may be regarded as some evidence that they were needed, and consequently that the road was out of repair. But this was not a case of repairs. It was a change in the material and construction of the bridge, made long after the accident, and an improvement which may have been induced by considerations having no reference whatever to the safety of the arms of passengers. There was a great deal of testimony as to the old bridge being in safe condition at *Page 473 
the time of the accident, and from the prominence given in the charge to the fact of its subsequent replacement by an iron bridge, that circumstance may have been the turning point in the mind of the jury. We think that this change bore too remotely, if at all, upon the question to justify its submission to the jury as a ground for finding negligence in using the old bridge, and that upon this exception a new trial should be granted. As the other exceptions may not arise upon a new trial it is not necessary now to pass upon them.
The judgment should be reversed and a new trial granted, costs to abide the event.
All concur, except MILLER, J., absent.
Judgment reversed.