By the Court.—O’Gorman, J.
—No error appears to have occurred in the trial of this action.
Construing the evidence in the light most favorable to the plaintiff, as the jury had a right to do, there was enough to sustain the infefence that the accident occurred without negligence of the plaintiff, and by reason of negligence on the part of the defendants, in allowing some part of the machinery of their locomotive to be defective, thereby causing the injury to the plaintiff, and in the absence of any contradiction or explanation on the subject, on the part of the defendant, there was enough to warrant a verdict in favor of the plaintiff.
The learned trial judge correctly stated to the jury, the principles of law by which they should be governed, and left fairly to them for their consideration the questions of fact.
*428 The admission of evidence to the effect that cinders had been seen falling from defendant’s locomotives since the accident, but not so much lately, under the careful qualification of the trial judge, was not error (Dale v. Del. Lack. & W. R. R., 73 N. Y. 468). It was not followed up by any other testimony tending . to -give it weight and direction, and its effect, if any, must have been too slight to produce any influence on the jury.
The question put by defendant’s counsel to the master mechanic of the defendants on cross-examination: “In your opinion, were the devices used upon your locomotives ” (to avoid throwing sparks, ashes, or cinders from them), “ in January, 1880, the best that were known” % was rightly excluded, as then put. The question was not sufficiently specific, and the jury should have been informed as to what devices were actually used by the defendant on its locomotives at the time of. the accident, and thus enabled to judge for themselves as to the nature and efficacy of such devices, rather than depend on the general opinion of the witness.
‘ Indeed, immediately after the question was excluded, the counsel for the defendant did in the regular way and without objection, make inquiry of the witness as to the kind and nature of the devises in use by the defendant, and did elicit the opinion of the witness thereon, so that no detriment could have occurred to the defendant by such exclusion.
The judgment of the court below should be affirmed with costs.
Sedgwick, Ch, J., concurred.