McAdam, C. J.
The action was brought to recover damages for injuries received while the plaintiff was on one of the defendant’s cars, as the result - is charged of the defendant’s negligence. The case was tried on conflicting evidence, and we axe not disposed to disturb the verdict, which is moderate in amount, unless some error was committed on the trial to the defendant’s prejudice, which necessitates a new trial. The plaintiff complains in his complaint that in consequence of the injuries his clothing was “ saturated with blood.” This is the only allegation of special damages to clothing, and yet, upon the trial, the plaintiff was permitted (under objection and exception) to testify that his clothing was “cut” so that he could not wear it, and that it was worth twenty-five dollars, or, in his own language, “he would not have taken twenty-five dollars for it.” This was error. Damages which are not the immediate and natural consequences of an unlawful act, or which the law will presume necessarily to flow from it, must be specifically stated in the complaint or the plaintiff will not be allowed to go into evidence to prove such items of damage. Malony v. Dows, 15 How. Pr., at page 265; 2 Sedgwick on Damages, 7th ed., 608, note. The “ cutting of clothing cannot be proved under an allegation that it was “ saturated,” nor was the method of proving the damage competent.
“The plaintiff was also allowed to prove (under objection and exception) that his doctor sent him a bill for fifty dollars. There was no proof that the bill had been paid, or that the services were worth the amount charged. The bill was thereafter received in evidence under objection and exception. This was error. The plaintiff could only recover so much as' he had paid, or was actually bound to pay the doctor for his services. Drinkwater v. Dinsmore, *258 80 N. Y., 393. The plaintiff paid nothing, and the bill was not per se evidence of what he was legally bound to pay. Damages to be recoverable must be proved according to legal principles.
There was evidence offered by the plaintiff tending to show that the day after the accident the defendant discharged the driver of the car on which the accident happened. The testimony was admitted under exception. This was error.
Evidence tending to prove that alterations have been made or precautions taken after an accident which, if previously done, might have obviated it, is incompetent. Dougan v. Champlain Trans. Co., 56 N. Y., 1; Dale v. D. L. and W. R. R. Co., 73 N. Y., 468; Payne v. Troy and Boston R. R. Co., 9 Hun, 526. Negligence is to be determined by what was known before and at the time of the accident, and not by subsequent facts. In other words, the question whether a defendant is guilty of negligence must be decided upon the facts as they existed at the time of the injury.
The circumstances that the defendant discharged the driver after the accident for prudential or other reasons does not militate against the defendant, as his discharge had no more tendency to prove negligence on the day of the accident than his continued employment by the defendant would have disproved negligence. The reasons which influenced the driver’s discharge were not within the issue on trial, and, however satisfactory to the defendant, were immaterial and incompetent as evidence either for or against the defendant. The testimony improperly admitted may have influenced the jury, and whether it did or did not, the inference is that it had an effect prejudicial to the defendant. Greene v. White, 37 N. Y., 405; Stokes v. The People, 53 N. Y., 164 and kindred cases.
For the reasons the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.
Nehrbas, J., concurs.