[No. 1001.   Decided January 9, 1894.]

## WILLIAM A. BELL, *Respondent*, v. THE WASHINGTON CEDAR SHINGLE COMPANY, *Appellant*.

8    27
d29  187

8    27
41   521

MASTER AND SERVANT — DEFECTIVE APPLIANCES — ALTERATIONS SUBSEQUENT TO INJURY — EVIDENCE — INSTRUCTIONS — EXCEPTIONS.

In an action to recover for injuries received on account of the negligence of the master in providing imperfect machinery and appliances, evidence is incompetent for the purpose of showing that changes had been made in such machinery after the injury to plaintiff.

In such a case, where defendant's witness has testified that the machinery in use at the time the accident occurred was properly constructed and in good condition, it is not proper cross examination to question him as to changes made subsequent to the accident.

In such a case, where testimony as to alterations has been admitted, it is error to refuse defendant's request for an instruction that the fact of such alterations "after the accident in question is not a matter from which you are at liberty to infer that it was out of repair, imperfect or unsafe at the time the accident occurred."

An exception to the refusal of the court to give requested instructions is sufficient when in the following form: "The court refused to give instructions requested by the defendant numbered 1, 3, 4, 6, 9 and 10, to the refusal of the court to give each of said instructions number 1, 3, 4, 6, 9 and 10, the defendant then and there duly excepted, and exceptions allowed by the court."

*Appeal from Superior Court, Whatcom County.*

*George Rice,* and *G. V. Alexander,* for appellant.

*E. E. Hardin,* and *Bruce & Brown,* for respondent.

The opinion of the court was delivered by

HOYT, J.——This action was brought to recover for personal injuries alleged to have been occasioned by the negligence of the defendant. The negligence charged was, that the defendant had provided imperfect machinery and appliances, and had put plaintiff to work in connection therewith without his being in any manner informed of the nature and use of the same. Plaintiff was allowed to show that, after the accident, changes had been made in such machinery and appliances. Proper exceptions were taken by the defendant to the introduction of such testimony, and the ruling of the court thereon is properly presented here for our consideration.

That it is not competent for the plaintiff in actions of this kind to show that such changes have been made is well established by the authorities in this country. That such is the fact will sufficiently appear from a quotation from a single case. The supreme court of the United States, in the case of *Columbia, etc., R. R. Co. v. Hawthorne,* 144 U. S. 292 (12 Sup. Ct. 591), in so holding made use of the following language:

" Upon this question there has been some difference of opinion in the courts of the several states. But it is now settled, upon much consideration, by the decisions of the highest courts of most of the states in which the question

has arisen, that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant. *Morse v. Minneapolis & St. Louis Railway*, 30 Minn. 465; *Corcoran v. Peekskill*, 108 N. Y. 151; *Nalley v. Hartford Carpet Co.*, 51 Conn. 524; *Ely v. St. Louis, etc., Railway*, 77 Mo. 34; *Missouri Pacific Railway v. Hennessey*, 75 Tex. 155; *Terre Haute & Indianapolis Railroad v. Clem*, 123 Ind. 15; *Hodges v. Percival*, 132 Ill. 53; *Lombar v. East Tawas*, 86 Mich. 14; *Shinners v. Proprietors of Locks & Canals*, 154 Mass. 168.

"As was pointed out by the court in the last case, the decision in *Readman v. Conway*, 126 Mass. 374, 377, cited by this plaintiff, has no bearing upon this question, but simply held that in an action for injuries from a defect in a platform, brought against the owners of the land, who defended on the ground that the duty of keeping the platform in repair belonged to their tenants and not to themselves, the defendant's acts in making general repairs of the platform after the accident, 'were in the nature of admissions that it was their duty to keep the platform in repair, and were therefore competent.'

"The only states, so far as we are informed, in which subsequent changes are held to be evidence of prior negligence, are Pennsylvania and Kansas, the decisions in which are supported by no satisfactory reasons. *McKee v. Bidwell*, 74 Pa. St. 218, 225, and cases cited; *St. Louis & San Francisco Railway v. Weaver*, 35 Kan. 412."

That such is the rule established by the courts of most of the states is well settled. Respondent makes little contention against such rule, but claims that it is not applicable to the facts of this case. The testimony to which exception was taken by the defendant was not introduced as a part of the plaintiff's case. It was brought out upon the cross examination of defendant's witnesses. Such

being the fact, he contends that it was competent for the reason that it had a tendency to discredit their testimony in chief in which they had testified that the machinery in use at the time the accident occurred was, in their opinion, properly constructed and in good condition. In our opinion such cross examination should not have been allowed. If the fact that changes had been made cannot be introduced to show negligence on the part of the defendant for the reason that it has no legal bearing upon the question, we are unable to see how such fact can in any manner affect the testimony of a witness who has testified as to the character of the machinery at the time of the accident. If the alterations had no tendency whatever to show that the machinery was unsafe, it is impossible to see how such fact could affect the testimony of a witness who has sworn to the condition of such machinery.

The respondent alleges another reason why such testimony was admissible, and that was that there had been, at the suggestion of the defendant, a view of the premises by the jury, on account of which he was entitled to show that the condition of the machinery at the time of the view was different from that at the time of the accident. There is force in the position of the respondent, and testimony for that purpose might have been admissible. But, as it was only admissible for that purpose, and that not arising in the ordinary course of the trial, the court should have excluded it until the purpose for which it was admitted had been so explained as to be fully understood by the jury. The more orderly way would have been for the plaintiff to have introduced it as affirmative proof in rebuttal, and not by way of cross examination of defendant's witnesses. It was not admissible as cross examination of anything which the witnesses had testified to, and for that reason should have been excluded as offered.

At the conclusion of the testimony the defendant pre-

sented certain requests for instructions.    One of them was in the following language:

"You are instructed that the fact that the defendant covered or boxed the set screws and made changes in the machinery for hoisting logs after the accident in question is not a matter from which you are at liberty to infer that it was out of repair, imperfect or unsafe at the time the accident occurred."

The court refused to give this instruction, and such refusal is alleged as error.    In view of the action of the court in admitting the testimony as to alterations, the defendant was clearly entitled to this instruction, and the failure to give it constituted reversible error.

The refusal to give one other instruction is assigned as error, but we think that the request for such instruction was properly refused.    It required the court to assume that to be a fact as to which there was some contradiction in the testimony.

Respondent contends that there was no sufficient exception to the refusal to give the instructions requested to justify the court in examining into this question.    The language of the exception, as shown by the statement of facts, is as follows:

"The court refused to give instructions requested by the defendant number 1, 3, 4, 6, 9 and 10, to the refusal of the court to give each of said instructions number 1, 3, 4, 6, 9 and 10, the defendant then and there duly excepted, and exceptions allowed by the court."

We think it was sufficient.

Respondent presents the further point that, notwithstanding the erroneous rulings on the part of the court as above stated, the case should not be reversed, for the reason that the defendant could not have been injured thereby, as the jury found specially that the sending of the plaintiff, who was an inexperienced person, to do the work in which he was engaged was the cause of the injury.    If we could

construe the special findings of the jury as the respondent does, we might agree with his contention, but we are unable to do so. The jury, after finding as a fact that the injury was caused by the negligence of the defendant, found that such negligence consisted in "an incomplete construction of appliances, and exposed set screws on the collar of the shaft; also in the sending of an inexperienced person to manipulate the same;" and when most strongly construed against the defendant would only establish the fact that in the opinion of the jury the inexperience of the plaintiff contributed to the injury. It is not made at all to appear therefrom that the accident would have occurred, however inexperienced the plaintiff might have been, if the machinery had not been incomplete.

It follows that it does not affirmatively appear that if the jury had found such machinery to be complete and proper they would have rendered the general verdict that they did. The judgment must be reversed, and the cause remanded for a new trial.

STILES and ANDERS, JJ., concur.

DUNBAR, C. J., and SCOTT, J., dissent.