[No. 3374.   Decided November 24, 1899.]

JOHN C. CARTER, *Respondent,* v. CITY OF SEATTLE, *Appellant.*

ASSIGNMENT OF ERRORS—SUFFICIENCY.

An assignment of errors in appellant's brief, that the lower court erred in giving and in refusing certain instructions, is sufficient, without assigning as error that the lower court denied a motion for a new trial based on the errors alleged.

NEGLIGENCE—EVIDENCE—SUBSEQUENT REPAIRS.

The fact that a city filled up an excavation in a sidewalk after an accident occurred there cannot be considered by the jury in passing upon the question of the city's negligence in permitting the sidewalk at that point to remain in a dangerous and unsafe condition.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge.   Reversed.

*Edward Von Tobel,* for appellant:

The fact that repairs were made after the accident cannot be considered, or in any way taken, to prove defendant's negligence.  *Corcoran v. Peekskill,* 15 N. E. 309; *Nalley v. Hartford Carpet Co.,* 51 Conn. 524 (50 Am. Rep. 47); *Terre Haute & I. R. R. Co. v. Clem,* 23 N. E. 965 (18 Am. St. 303, 7 L. R. A. 588); *Hodges v. Percival,* 23 N. E. 423; *Baird v. Daly,* 68 N. Y. 547; *Hudson v. Chicago & N. W. R. R. Co.,* 59 Iowa, 581 (44 Am. Rep. 692); *Shinners v. Proprietors of Locks and Canals,*

28 N. E. 10 (26 Am. St. Rep. 226, 12 L. R. A. 554);
*Wabash County Commissioners v. Pearson,* 28 N. E.
1120.

*John E. Humphries,* for respondent:

Errors relating to matters occurring on the trial for
which a new trial was asked cannot be considered on re-
view, unless the action of the court in overruling the mo-
tion for a new trial is assigned as error.    *Whitinger v.
Nelson,* 29 Ind. 441; *Stilwell v. Chappell,* 30 Ind. 72;
*Huffman v. Indiana National Bank,* 51 Ind. 394; *Bar-
tholomew v. Preston,* 46 Ind. 286; *Carson v. Funk,* 27
Kan. 524; *Struthers v. Fuller,* 45 Kan. 735; *Wolcott v.
Bachman,* 3 Wyo. 335; *Pierce v. Manning,* 2 S. D. 517;
*Chicago, B. & Q. R. R. Co. v. German Ins. Co.,* 42 Pac.
594; *Wanamaker v. Manufacturers' National Bank,* 43
Pac. 796; *Richardson v. Mackay,* 46 Pac. 546; *School
District v. Western Tube Co.,* 38 Pac. 922.    The reason
of the rule is shown when it is understood that errors as-
signed in a motion for a new trial are brought before the
supreme court by the assignment of error that the court
erred in overruling the motion for a new trial.    *Chicago
& R. I. Ry. Co. v. Northern Illinois Coal & Iron Co.,* 36
Ill. 60; *Ottawa, etc., R. R. Co. v. McMath,* 91 Ill. 104;
*Shaw v. People,* 81 Ill. 150.

The appellant cannot waive the error, if any, in over-
ruling the motion for a new trial and then assign as error
for review in the appellate court one of the causes for a
new trial.    All errors assigned by appellant are merged
in the motion for a new trial and must stand or fall with
that motion.   *Becker v. Foster,* 64 Ill. App. 192; *Munger
v. Supancicz,* 64 Ill. App. 661; *Atchison, T. & S. F. Ry.
Co. v. Grant,* 26 S. W. 286; *Western Union Tel. Co. v.
Sanders,* 26 S. W. 734.

Upon the point that subsequent repairs in a defective sidewalk are admissible in evidence in an action for injuries received through the defect, counsel cites *Emporia v. Schmidling,* 6 Pac. 893; *Alberts v. Village of Vernon,* 55 N. W. 1022; *Goshen v. England,* 21 N. E. 977 (5 L. R. A. 253). There are a number of authorities to the effect that where the evidence shows incidentally that the condition of the highway has been changed that it is not error to admit it. *Stone v. Town of Poland,* 30 N. Y. Supp. 748; *Woolsey v. Village of Ellenville,* 32 N. Y. Supp. 543; *Teasdale v. Village of Malone,* 45 N. Y. Supp. 360; *Hopkins v. Boyd,* 47 N. E. 480.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the respondent against the city of Seattle, a municipal corporation, to recover the sum of $5,000 damages for injuries alleged to have been sustained by reason of his falling into an excavation or hole in the sidewalk of a certain street of said city, the allegation being that the city had negligently constructed a sidewalk at said point so as to render said place dangerous and unsafe, and negligently permitted said sidewalk at that place, up to and including said date, to remain in a dangerous and unsafe condition; that the city negligently permitted to be in the alley at said point a large excavation or hole, and that while plaintiff (respondent) was going along Pine street, he fell into the excavation and broke his leg. The defendant denied all the affirmative allegations of the complaint, and alleged as an affirmative answer contributory negligence on the part of the plaintiff. Upon trial of the issues, the jury returned a verdict in favor of the plaintiff in the sum of $2,000. From this judgment an appeal is taken to this court, and error is assigned for the refusal of the court to give certain instructions requested on behalf of the de-

fendant, and for the giving by the court of certain other instructions, which we will hereafter notice.

The respondent moves to strike the brief of the appellant for the reason that it fails to make an assignment of errors, and it is contended that the only way that the giving or refusal to give instructions to the jury, and the admission or refusal to admit testimony, and errors relating to other matters occurring at the trial, can be brought into the record is by the motion for a new trial; and the only way errors can be brought to the attention of the supreme court is by an assignment of error that the court erred in overruling the motion for a new trial. Quite an elaborate array of authorities is presented in support of this motion, but we do not think that, under our statute, the motion is well taken. The attention of the lower court was called to the alleged errors by due exceptance to the giving of the instructions and the refusals to give, and that is sufficient.

The court, on its own motion, instructed the jury as follows:

" The jury are instructed that the mere fact that after the accident the city has filled up the hole where the plaintiff claims to have been injured, may be taken into consideration by you in considering the question of negligence or not."

This instruction was excepted to by the defendant, and is one of the errors alleged. On this question of the admissibility of testimony tending to show changes in machinery or repairs in walks or streets after the accident has occurred, there is some little conflict of authority, but we think that the overwhelming weight is now opposed to the admission of such testimony. In Kansas and Pennsylvania the courts have held that such testimony is admissible, as tending to show negligence on the part of the municipal corporation or the owners of the machinery.

But we are not aware of any other states now holding to this doctrine, although some of the states, notably Minnesota, did so hold in their earlier decisions. This doctrine, however, has since been overruled in Minnesota in the case of *Morse v. Minneapolis & St. L. Ry. Co.,* 30 Minn. 465 (16 N. W. 358), and in a very strong opinion rendered by Judge MITCHELL in that case, among other things, it is said:

" But, on mature reflection, we have concluded that evidence of this kind ought not to be admitted under any circumstances, and that the rule heretofore adopted by this court is on principle wrong; not for the reason given by some courts, that the acts of the employees in making such repairs are not admissible against their principals, but upon the broader ground that such acts afford no legitimate basis for construing such an act as an admission of previous neglect of duty. A person may have exercised all the care which the law required, and yet in the light of his new experience, after an unexpected accident has occurred, and as a measure of extra caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to do so, and it would seem unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence. We think such a rule puts an unfair interpretation upon human conduct, and virtually holds out an inducement for continued negligence. *Dougan v. Champlain Transp. Co.,* 56 N. Y. 1; *Sewell v. City of Cohoes,* 11 Hun, 626; *Baird v. Daly,* 68 N. Y. 547; *Payne v. Troy & B. R. Co.,* 9 Hun, 526; *Salters v. Delaware & H. Canal Co.,* 3 Hun, 338; *Dale v. Delaware, L. & W. R. Co.,* 73 N. Y. 468."

This case is cited, and the doctrine also indorsed, by Jones on Negligence of Municipal Corporations, § 243, and by all the leading cases lately decided on that question. In fact, the argument of the court seems to us to be unanswerable.

In addition, this question has been squarely decided in opposition to respondent's views by the supreme court of

the United States in a case which went up from our own commonwealth before its admission to the Union, viz., *Columbia & Puget Sound R. R. Co. v. Hawthorne,* reported in 3 Wash. T. 353 (19 Pac. 25), and in 144 U. S. 202 (12 Sup. Ct. 591). In view of this decision, and of the overwhelming preponderance of authority, as well as the weight of reason, we have concluded that the rule announced by the court in the instruction under consideration was opposed to the law.

It is contended, however, by respondent that, inasmuch as the testimony in relation to the filling up of this hole was admitted without objection by the appellant, and the negligence of the city was plainly proven by other testimony, the instruction was harmless. From investigation of the record we are not convinced that the mind of the jury on the question of negligence of the city in relation to this hole was not influenced by this instruction. In any event, under the instruction it seems to us there was no discretion left with the jury. It was instructed that the fact that, after the accident, the city had filled up the hole, should be taken into consideration in considering the question of negligence. It was admitted that the city had filled up the hole, and, if that fact was to be taken into consideration so far as negligence was concerned, its consideration must affirmatively lead to the conclusion that negligence had been committed by the city. We think the instruction was wrong and prejudicial, and for that reason the judgment must be reversed.

We find no error in the other instructions given by the court, or in the refusal of the court to instruct as requested.

Reversed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.