[No. 4242.  Decided July 18, 1902.]

S. F. TOWNSEND, *Respondent,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant.*

RAILROADS — INJURIES TO CATTLE — EVIDENCE — COMPETENCY.

In an action against a railway company for killing cattle, in which the issue was as to whether they had got on the right of way through an open gate or by breaking through an inferior fence, evidence showing the condition of the fence immediately after the accident, that there were signs of fresh breaks which had been repaired, and bunches of cow hair upon the fresh raw edges of the planks, was competent for the purpose of establishing the point where the cattle got through, although not admissible for the purpose of establishing negligence by proof of repairs subsequent to the accident.

Appeal from Superior Court, Lewis County.—Hon. A. E. RICE, Judge. Affirmed.

*James F. McElroy* and *B. S. Grosscup.* (*A. A. Booth,* of counsel), for appellant.

*Forney & Ponder,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Action for damages against railway company for killing cattle. The negligence charged in the complaint was in the construction of engine, cars, and appliances of the train operated by defendant, and fences, crossings, gates, and bars; failure to keep same in repair upon the right of way; careless operation of the engine and cars, and that near the place where the killing occurred the railroad track was not properly fenced, and the cattle therefore strayed upon the improperly and negligently guarded right of way. The answer denied the material allegations of the complaint, except the killing of the cattle by its train on the right of way, and affirmatively alleged due care on

the part of defendant, and carelessness and negligence by
the plaintiff in allowing the cattle to wander and stray
where it was dangerous to go, and in carelessly failing to
guard and protect his cattle from the moving trains upon
the track of defendant. Judgment was given in favor of
plaintiff.

Three assignments of error are made by defendant: (1)
That the court received evidence, over the objection of de-
fendant, tending to show repairs in the fence subsequent
to the accident; (2) that the court erred in denying defend-
ant's motion for a verdict in its favor at the conclusion of
the trial; (3) error in denying motion for a new trial. A
question propounded to the plaintiff, as witness, as to the
fence upon the right of way the morning following the
accident, was: "You may describe the fence there at that
time,—what you found?" Answer: "Right between the
gate and corner fence there were signs plain of new——"
Here counsel for defendant interposed: "I object now to
'signs plain.'" There was no ruling. The witness then
continued:

"Well, there was boards that had been nailed on, with
fresh breaks in the boards, and fresh nails drove in the
boards, and also the wire that had been stretched up afresh
on the posts in different places, and up tight, and hair on
the edge of the boards where they had been broken, and hair
also on the wire as the cattle went over.
Q. What kind of hair was it?
A. There was some red hair and some white.
Q. How far was that from the gate, and which way?
Mr. McElroy: If the court please, I move to strike out
all of the answer as given by the witness, as not being
responsive to the question, and, further, as being based on
conjecture, and, further, it is given to indicate possible
repairs, and it is incompetent, irrelevant, and immaterial,
and not proper testimony, under the decisions of our own
supreme court. I could not gather what the witness would

testify to in answer to that question, so as to object to it at the time.

The Court: I think I will let that answer stand, and give you the exception."

The contention of plaintiff was that the cattle had broken through the insufficient fence maintained by defendant, which was out of repair and broken. The manner of the construction of the fence had been given, which was said to be inferior; and the question went to the quality of the fence there when the accident happened, from an examination immediately after the accident. The defendant contended that the cattle were allowed to stray on the track through a gate carelessly left open by the plaintiff or his servants. Thus a most material question of fact was whether the cattle went through the gate, or, as urged by plaintiff, through the fence. So important was this fact, that a special interrogatory was submitted to the jury as follows: "Where, from the evidence in case, do you find that animals entered on right of way?" Answer: "Through the fence." It will thus be seen that the condition of the fence, as well as that of the gate, was material, at the time the examination was made by the witnesses who were testifying. It incidentally appeared that it had been put up after it was broken down by the cattle, according to the evidence of plaintiff. It is apparent the evidence was given to show the cattle had gone through the fence at the place insisted upon by plaintiff, and left marks thereon. The objection urged by defendant, that the object of the evidence was to show repairs by defendant as an admission of negligence, cannot be maintained. The question does not fall within the rule announced in the cases cited by defendant from this court, *Bell v. Washington Cedar Shingle Co.*, 8 Wash. 27 (35 Pac. 405), and *Carter v. Seattle*, 21 Wash. 585 (59 Pac. 500). Counsel for defend-

ant could doubtless have procured an appropriate instruction that the evidence was confined to the object mentioned.

The other assignments of error may be considered together. The evidence relating to the operation of the freight train, and the distance it ran after the cattle should have been discovered, was conflicting, and the case was properly submitted to the jury.

The judgment is affirmed.

ANDERS, FULLERTON, HADLEY, MOUNT, WHITE and DUNBAR, JJ., concur.