[No. 5924. Decided July 27, 1906.]

ROBERT THOMSON, as Guardian Ad Litem of Robert Thomson, Junior, Respondent, v. ISSAQUAH SHINGLE COMPANY, Appellant.[1]

MASTER AND SERVANT—FACTORY ACT—ASSUMPTION OF RISKS. The failure to properly guard machinery, as required by the factory act, deprives the defendant of the defense of assumption of risks.

SAME—CONTRIBUTORY NEGLIGENCE—ACCUMULATION OF WASTE. The issue of contributory negligence of one employed as a knot sawyer in permitting accumulations of waste upon the floor, is for the jury when the minds of reasonable men might differ thereon.

SAME—GUARDING SAW—CUSTOM—PLEADING AND PROOF. After pleading the failure to properly guard machinery, it is not necessary to plead a custom so to do, in order to admit evidence of such custom.

SAME—EVIDENCE—OPINIONS—COMPETENCY OF EXPERTS. Witnesses are shown to be competent to testify as to the custom, and as to whether a knot saw in a shingle mill could have been advantageously guarded, where one had worked as a sawyer and kneebolter for seven or eight years, one had helped around mills with repairs and other work, and one was a millwright and contractor.

1Reported in 86 Pac. 588.

SAME—NEGLIGENCE—GUARDING MACHINERY — EVIDENCE — REPAIRS
AFTER ACCIDENT. Evidence of repairs upon a knot saw after an ac-
cident is admissible where it tended to show that the left-hand saw
could have been advantageously guarded, that being one of the is-
sues of the case.

APPEAL—MISCONDUCT OF COUNSEL—HARMLESS ERROR. Improper
remarks in argument to the jury tending to discredit affidavits which
counsel had admitted in order to avoid a continuance, are not neces-
sarily prejudicial where, upon objection, the court instructs the jury
to disregard such remarks as improper and that the affidavits were
competent.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered June 2, 1905, upon the verdict
of a jury, rendered in favor of the plaintiff for personal
injuries sustained by a knot sawyer in a sawmill. Affirmed.

*Kerr & McCord,* for appellant.

*Walter S. Fulton,* for respondent.

CROW, J.—This action was commenced by Robert Thom-
son, as guardian *ad litem* of Robert Thomson, Jr., whom we
will designate as the respondent, to recover damages for
personal injuries. Respondent was seventeen years of age,
and had at irregular intervals worked around shingle mills
for some two or three years, not at all times as a knot sawyer,
his experience in that work being quite limited. The knot
saw table in appellant's mill was about three feet in length,
two and one-half feet wide, and two and one-half feet high.
At either side, to the back of the table and slightly elevated,
was another table upon which the bolt sawyer placed shingles
to be handled by the knot sawyer. Along and across the
knot saw table, about twenty-one and one-half inches from
the front, was a shaft to either end of which was attached
a knot saw about twelve inches in diameter, which saw ex-
tended above, and also a few inches below, the surface of the
table. The right-hand saw was provided with a chute which
caused splints and dust to be cast into a conveyor, and

also constituted a guard. No chute was provided for the left-hand saw, the evidence showing that by reason of the mill construction it was not practicable. Neither was any other guard provided for said left-hand saw, the splints and dust from it falling to the floor and being thence removed, either by the knot sawyer or other employees. Respondent, who was working as a knot sawyer at the right-hand saw, which was guarded by the splint chute, was at times required to take shingles from the upper table opposite the left-hand saw. While thus employed, his foot slipped, and his leg coming in contact with the left-hand saw beneath the table was seriously and permanently injured, making him a cripple for life.

Respondent alleges that appellant was negligent, (1) in failing to suitably guard or protect said left-hand saw; (2) in failing to properly instruct the respondent, a minor, as to his duties, or warn him of the condition of said saw, and its incident dangers. Appellant pleaded the defenses of assumption of risk and contributory negligence. From a judgment for $5,500 in favor of respondent this appeal has been taken.

The appellant contends that the court erred in overruling the demurrer to the amended complaint. The amended complaint alleged that the knot saw at which respondent was working was guarded by the splint chute which projected in front of the same, fully protecting employees from injury, while the saw on which he was injured was wholly unguarded and unprotected. As the complaint fails to show contributory negligence, and these allegations if true would deprive appellant of the defense of assumption of risk, the demurrer was properly overruled. See, *Hall v. West & Slade Mill Co.,* 39 Wash. 447, 81 Pac. 915, decided since this action was tried.

It is contended that the trial court erred in denying appellant's motion for a nonsuit based on respondent's con-

tributory negligence, and appellant quotes portions of respondent's evidence to show that there was an accumulation of shingles, splints, and sawdust on the floor which caused him to slip; that if respondent had removed these, which appellant alleges it was his duty to do, he would not have slipped or been injured. Certain selected portions of the evidence given by respondent and his witnesses might possibly be so construed as to support this theory. The issue of contributory negligence, however, will not be withdrawn from the jury when the minds of reasonable men may differ as to whether such negligence in fact existed. On a motion for nonsuit all evidence of the plaintiff and his witnesses must be considered. From an examination of all the evidence admitted prior to the making of the motion, we are satisfied that the issue of contributory negligence was properly submitted to the jury, and that the court did not err in refusing a nonsuit.

Appellant contends that the trial court erred in permitting respondent to interrogate three of his witnesses relative to the customs of mills, as to having splint chutes around knot saws; as to removing knot saws when not in use, and as to whether the left-hand knot saw could have been advantageously guarded. In support of its contention appellant insists, (1) that no custom was pleaded by respondent, and (2) that the competency of said three witnesses was not shown. Respondent was endeavoring to show that a splint chute attached to a knot saw constituted a good and sufficient guard; that when a knot saw was not being used, it should be removed, and that the left-hand knot saw on which he was injured, and which at the time was running although not in use, could have been, but was not, advantageously guarded. Respondent, having pleaded appellant's failure to guard or protect the left-hand saw, was not, as a condition precedent to the admissibility of this evidence, also required to plead the customs concerning which these three witnesses were interrogated. *Crooker v. Pacific Lounge etc. Co.,* 34

Wash. 191, 75 Pac. 632. As to the qualification of the witnesses, sufficient was shown to permit their evidence to be submitted to the jury and be weighed by them. One of these witnesses had worked around shingle mills at various times for some seven or eight years as a sawyer and kneebolter; one had helped around mills with repairs of machinery and other work, and the third was a millwright and contractor. No prejudicial error was committed in permitting the interrogatories complained of.

One witness offered by respondent was permitted, over appellant's objections, to testify as to certain changes made on the knot saw table immediately after the accident. This evidence tended to show that the left-hand saw could be advantageously guarded by other methods than the use of a splint chute, and was admissible for that purpose. *Erickson v. McNeeley & Co.*, 41 Wash. 509, 84 Pac. 3.

Complaint is made of alleged misconduct of counsel for respondent. Appellant had moved for a continuance on account of the absence of one Bashford, a material witness, and supported its application by an affidavit of its attorney, which set forth statements to which appellant claimed Mr. Bashford would testify if present. The continuance being denied, this affidavit was admitted and read as the testimony of said witness. Counsel for respondent, in his argument to the jury, made remarks in substance as follows: "We have heard the affidavit of Mr. Kerr (appellant's attorney) which states that Mr. Bashford if here would testify to a certain fact." Other statements were made to show that the affidavit was not in fact sworn to by the witness but by the attorney. To these remarks exceptions were taken by appellant's counsel, and the court immediately instructed the jury that the remarks were improper; that said affidavit was competent and should be received as the testimony of Mr. Bashford, and that upon the application for a continuance, the respondent

had admitted that the testimony of Mr. Bashford, if present, would be as stated in said affidavit. Counsel for respondent did, perhaps, to some extent, transgress the rules of propriety, but we cannot say that his acts were prejudicial, especially in the light of the court's explanation and instructions immediately given to the jury. Other portions of counsel's argument, to which appellant has objected, were proper as comments upon the evidence of Mr. Bashford, as shown by the affidavit.

Other assignments of error are presented, based upon instructions given and refused, but we have examined all the instructions given and think the law of the case was fully and fairly presented to the jury.

The main issue in this case was one of fact, viz., whether the knot saw which caused respondent's injury could have been advantageously guarded as required by the factory act of 1903. Laws 1903, p. 40. Respondent contended that it could. Appellant does not claim that it was in fact guarded, but insists, (1) that it was not customary to guard a knot saw under such conditions, and (2) that it could not be advantageously guarded and perform the service for which it was designed. These contentions raised an issue of fact which, under all the circumstances of this case, was properly submitted to the jury, and by them determined in favor of the respondent.

The judgment is affirmed.

HADLEY, DUNBAR, and FULLERTON, JJ., concur.

ROOT, J. (dissenting)—I dissent. The only evidence of how the accident happened is given by respondent, and is so contradictory and incredible as, in my opinion, to be insufficient to sustain a verdict. However, accepting the theory most favorable to respondent, I think contributory negligence is clearly shown. He says he came in contact with the saw by reason of his foot slipping upon loose shingles or refuse

upon the floor, and that it was his duty to clean up the floor. I do not understand the law to permit a recovery on such evidence.

MOUNT, C. J., concurs with ROOT, J.