[No. 7520. Decided November 10, 1908.]

AXEL GUSTAFSON, *Respondent*, v. A. J. WEST LUMBER COMPANY, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE — EVIDENCE — CHANGES AFTER ACCIDENT—ADMISSIBILITY. In an action for injuries sustained by an employee in an alleged passageway, in which the defendant denied that the place was a passageway, evidence is admissible of a change widening the place after the accident, where the sole object thereof was to show that the place was intended to be used as a passageway.

SAME — GUARDING MACHINERY — EVIDENCE — OPINION OF EXPERT. Upon an issue as to whether a saw was guarded under the factory act, an expert may give his opinion by testifying that simply looking at the saw would suggest the kind of a guard proposed by him.

[1]Reported in 97 Pac. 1094.

SAME—GUARDING MACHINERY—NEGLIGENCE—CONTRIBUTORY NEGLI-
GENCE—ASSUMPTION OF RISKS—QUESTIONS FOR JURY. Where an em-
ployee stumbled in a narrow passageway and fell onto a saw, the
questions of his contributory negligence and assumption of risks,
and of the master's negligence in failing to guard the saw under the
factory act, are for the jury, where it appears that it was customary
to use the place as a passageway, and there was specific evidence
that the saw was not properly guarded and might have been; as-
sumption of risks being no defense under the statutory duty to
guard the saw.

APPEAL—REVIEW—EXCEPTIONS. One general exception to each
and every instruction is not sufficient to assign error upon a given
instruction.

Appeal from a judgment of the superior court for Chehalis
county, Irwin, J., entered March 9, 1908, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
personal injuries sustained by an employee in a mill. Af-
firmed.

*W. H. Abel* and *A. M. Abel* (*Blattner & Chester*, of coun-
sel), for appellant.

*Govnor Teats*, for respondent.

HADLEY, C. J.—This is an action to recover damages for
personal injuries. The plaintiff, a minor twenty years of
age, brought the suit by a guardian *ad litem*. The plaintiff
was in the employ of the defendant, and was engaged in
operating a feeder to the trimmer saw in defendant's lumber
mill, at Aberdeen. The complaint alleges that, in the con-
struction of the mill and trimmer saws therein, the defendant
had constructed a passageway for employees to pass through
in going from one part of the mill to another, and that the
passageway was carelessly and negligently constructed so
that it was only about fourteen inches wide at the end of the
trimmer saw and where the saw, which was constantly running
when the mill was in operation, formed one of the sides of the
passageway; that the floor in the passageway where it passed
the saw was negligently constructed so that it was uneven,

having little jogs in it sufficient to cause one to stumble, of which the plaintiff did not know until after the accident; that the defendant failed to guard the trimmer saw, although it was entirely practicable to guard it so as to make it absolutely safe; that the plaintiff was under the control and direction of the defendant's foreman, and the latter directed plaintiff to go to the rear of the trimmer saws, and that in order to do so it was necessary to go through the passageway; that the plaintiff went to the assistance of the foreman, and the latter thereupon directed plaintiff to go to another part of the mill and get an iron bar; that in obeying the order, it was necessary to go again through the passageway and, while attempting to do so, the plaintiff stumbled and, as his left hand was thrown out to support himself, it went into the saw, the saw caught the clothing and pulled the arm into the saw, completely severing the arm half way between the wrist and the elbow.

The defendant answered, denying that there was any passageway there, and also set up the defense that the plaintiff assumed the risk and that his injury was due to his contributory negligence. It was also alleged that the saw was guarded; that the state labor commissioner of Washington had duly inspected the mill while it was in that condition, and had determined that the defendant had complied with the laws of Washington with regard to safely guarding machinery. The case was tried before a jury, and a verdict was returned for the plaintiff in the sum of $2,000. Judgment was entered for the amount of the verdict, and the defendant has appealed.

It is assigned that the court erred in admitting testimony showing the condition of the passageway at a time subsequent to the accident. The appellant denied that there was any passageway there, or that the place there was intended to be used as such. In support of respondent's theory that there was a passageway and that it was so intended, evidence was admitted to show that the way was made wider to better serve passage purposes, and although this occurred after the acci-

dent, it was not admitted to show any confession of liability on the appellant's part, but merely in support of respondent's theory that there was a passageway, a fact wholly denied by appellant. The testimony was in dispute about the purpose of the change of the situation after the accident. Appellant contended that it was done to protect the men below from being struck by pieces of lumber falling through, while respondent contended that it was solely for better passage purposes. The sole object of admitting the evidence was to dispute appellant's theory and its witnesses who said there was no passageway there, and that it was not intended that such use should be made of the place. The evidence was not erroneous for that purpose. In *Sproul v. Seattle*, 17 Wash. 256, 49 Pac. 489, it was held that it was not error to admit testimony on the part of the plaintiff as to the condition of the sidewalk on the next day after the accident, when it was stated that the sole object was for the purpose of impeaching a witness who had testified for the city upon that subject. See, also, *Townsend v. Northern Pac. R. Co.*, 29 Wash. 185, 69 Pac. 750 ; *Erickson v. McNeeley & Co.*, 41 Wash. 509, 84 Pac. 3 ; *Thomson v. Issaquah Shingle Co.*, 43 Wash. 253, 86 Pac. 588.

It is next contended that the court erroneously permitted the witness Coxey to testify that simply looking at the saw should suggest the kind of guard proposed by the Coxey model. The witness was testifying as an expert, and as such he could give his opinion. We see no prejudicial error in this particular.

The next contention is that the court should have granted appellant's motion for nonsuit. This is based upon three grounds : (a) because respondent was guilty of contributory negligence; (b) because the saw was reasonably guarded, having due regard to the uses to which it was put and the dangers of its operation ; (c) because respondent assumed the risk of voluntarily going into an exposed and dangerous place. We think all of these questions were for the jury. The evidence

showed that not only the men generally about the mill were in the habit of going through this passageway, but that the foreman himself did so, and that he took respondent through there the first day the latter worked at this saw. Under such circumstances it should not be said as a matter of law that respondent was guilty of contributory negligence by merely going through a way so generally used. The evidence of respondent's witnesses was specifically to the effect that the saw was not properly guarded, and that it might have been securely guarded. Methods for securely guarding it were shown by the testimony and it would have been error not to have permitted the jury to pass upon the question. The defense of assumption of the risk cannot be urged here if the saw was so situated that it was appellant's statutory duty to guard it. This has been so often held by this court that we need only refer to it here. The motion for nonsuit was therefore properly denied upon all three of the grounds named.

Error is assigned upon one of the court's instructions, but we find no sufficient exceptions in the record upon which to raise the question here. The record shows the following: "The defendant excepts to each and every instruction given by the court." No other exceptions are shown to have been taken by the appellant. This court has often held that, in the absence of specific exceptions directing the trial court's attention to particular instructions or specific subject-matter therein, no review of instructions will be made.

We see no error in the denial of the motion for new trial and in entering judgment upon the verdict, and the judgment is therefore affirmed.

RUDKIN, MOUNT, DUNBAR, CROW, and ROOT, JJ., concur.
FULLERTON, J., took no part.