[No. 9002.   Department Two.   December 7, 1910.]

## FLOYD DUKETTE, *Respondent*, v. NORTHWESTERN WOODENWARE COMPANY, *Appellant*.[1]

MASTER AND SERVANT—ASSUMPTION OF RISKS—PLEADING—FACTORY ACT. In an action for personal injuries under the factory act, an answer pleading assumption of risks is properly struck out, where the special circumstances relied on as an exception to the rule that assumption of risks is no defense, were not pleaded in the answer, nor disclosed by the complaint.

SAME—ASSUMPTION OF RISKS—FACTORY ACT—EXCEPTIONS—QUESTION FOR JURY. Special facts making an exception to the rule that assumption of the risks is no defense to an action for personal injuries, brought out only in the evidence, and resolved by the jury against the appellant on conflicting testimony, furnish no ground for reversal.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The question of contributory negligence of a rip sawyer in adopting an unsafe method of removing waste from a chute, by putting an arm down through the top of the table near the saw, is for the jury, where there was a dispute as to whether an iron rod had been provided for that purpose, and whether such rod could be used advantageously.

MASTER AND SERVANT—SAFE TOOLS—GUARDING MACHINERY—NEGLIGENCE—QUESTION FOR JURY. The negligence of the owner of a rip-saw in failing to guard the lower end of the saw under the table is for the jury, where there was a dispute as to whether it was practical to do so, and whether a sawyer in the discharge of his ordinary duties in cleaning out the chute in the ordinary way was liable to come in contact with it.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $3,934, reduced to $3,000 by the trial court, is not excessive, where the plaintiff sustained a serious injury to his arm whereby he suffered much pain, spent $150 for doctor's fees, and was unable to follow his vocation for about fifteen months, and his earning power was three dollars a day.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered February 25, 1910, upon the verdict of a jury rendered in favor of the plaintiff for personal injuries sustained by an employee in a factory.   Affirmed.

[1]Reported in 111 Pac. 1065.

*James B. Murphy* and *Murphy & Winders* (*M. M. Richardson*, of counsel), for appellant.

*Hayden & Langhorne*, for respondent.

Morris, J.—Respondent brought this action under the factory act, to recover for injuries sustained by coming in contact with an unguarded ripsaw. Judgment was awarded him upon verdict, and defendant appeals.

The errors assigned are; sustaining a demurrer to an affirmative defense, denial of nonsuit and judgment, refusal to give requested instructions, error in those given, and that the verdict was excessive. The complaint clearly stated a cause of action under the factory act. The affirmative defense, to which a demurrer was sustained, pleaded assumption of risk. It has been the rule in this state, since *Hall v. West & Slade Mill Co.*, 39 Wash. 447, 81 Pac. 915, that assumption of risk is not a defense, where the cause of action shows a violation of the factory act. This is admitted by appellant, but it contends there were special circumstances in this case which took the case out from the above rule. These special circumstances arise out of its contention as to the manner and cause of the injury disclosed, as it contends, by the evidence; and its further contention of how it might have been avoided, and respondent's failure to show ordinary care in this particular. None of these matters were disclosed in the complaint. It was therefore apparent that, as to the cause of action pleaded, the affirmative defense ruled against was not applicable. It was therefore properly stricken. In so far as we are now asked to revive the defense and apply it to the evidence which appellant contends should determine the issues involved, we need only say these contentions arise from the evidence, from the facts appellant claimed to be established, in which contention it is disputed by respondent as to the true situation disclosed by the testimony. It was therefore a question of fact for the jury, and we cannot disturb their verdict, assuming

we might differ with them, if the question were properly submitted to them.

The facts surrounding and contributing to the injury were these: The ripsaw was installed on the second floor of the building, the sawdust and refuse from it being carried down through the first story by a waste chute leading to a conveyor underneath the building. There were several of these saws, each having a separate chute which extended to and connected with one main chute which conveyed the refuse from the separate chutes to the conveyor. The mouth of the main chute occupied the space under the frame of respondent's saw; it was rectangular in shape, and became fan-shaped as it emerged from underneath the saw in the rear of the frame. As it projected downward to the conveyor, the fan-shaped portion gradually tapered until it met the conveyor. These chutes were frequently clogged with waste material, and it then became necessary for some one to go down beneath the floors and dislodge the waste so that it would fall into the conveyor. Appellant contends that it had provided a long iron rod, and a long stick with a hook on, for the purpose of loosening this waste from above with safety. But appellant and respondent do not agree as to whether the iron rod was there at the time of the accident, or whether it and the long stick could be used advantageously in what respondent was attempting to do at the time of his injury. There is also a difference of opinion as to whether the chute could be cleaned effectually by the use of the stick alone, or if it could be done while standing at the rear of the table, on account of the length of the handles and the nearness of the wall. So that it was a question of fact for the jury to determine as to whether or not there was a safer or better way to do what respondent was attempting to do at the time of his injury, failure to adopt which would be contributory negligence.

There was also a difference of opinion between the witnesses as to the use of this rod or stick, and the customary and ap-

proved method of cleaning out the small chute.   This ripsaw and its gear were enclosed by a frame, the saw extending about one-third of its diameter above the frame.   Upon this frame was a carriage sliding back and forth parallel to the saw upon which the boards to be ripped were placed; it was adjustable and could be lifted up when desired.   At the time of his injury, respondent had gone down stairs to loosen up the clogged chute and start the conveyor.   All of the waste in the chute fell down except some sticks, which lodged and failed to come through the floor underneath the saw, thus preventing the sawdust above the floor from coming down. He then went up stairs, and lifting the carriage, took a stick and commenced jabbing downward through the sawdust to loosen the sticks.   In doing so he thrust his arm into the space between the tracks on which the carriage ran.   There was a strip three inches thick to the left of this space and separating it from the saw, about three inches to the left of the strip.   While endeavoring to loosen the sticks, with his arm thrust into this space nearly to his shoulder, he says his "arm slipped through the sawdust" and came in contact with the lower end of the saw.

Appellant contends no duty was imposed upon it to guard the lower end of this saw which, coming in contact with respondent's arm, produced the injury.   The answer to this contention necessarily depends upon whether there was danger of the employees' coming in contact with the saw while in the discharge of their ordinary duties, and whether respondent in attempting to clean out the upper chute in the manner in which he did, was pursuing the ordinary method of doing the work and the only way it was practical to accomplish it, and whether such clogging with such means of overcoming it was such an ordinary event in the operation of the saws that appellant should have taken due notice thereof and guarded the saw.   These were all questions of fact for the jury, as was the other contention of appellant that the lower end of the saw could not be advantageously guarded.   *Thomson v.*

*Issaquah Shingle Co.*, 43 Wash. 253, 86 Pac. 588; *Gustafson v. West Lumber Co.*, 51 Wash. 25, 97 Pac. 1094; *Rector v. Bryant Lumber, etc. Co.*, 41 Wash. 556, 84 Pac. 7.

This disposes of the assignment of error as to nonsuit, contributory negligence, and motion for judgment. In so holding, we are not unmindful of our holding in *Laidley v. Musser Lumber & Mfg. Co.*, 45 Wash. 239, 88 Pac. 124, cited by appellant. In that case, so far as the record goes, the act was an independent one, not connected with the ordinary discharge of the employee's duty. Nor was the plaintiff there following out a usual and ordinary method of procedure, nor one which the master had any reason to believe the servant would attempt. In the case before us, there was evidence from which the jury could answer these questions against appellant's contention, and this is, we think, a distinguishing feature between the two cases. We find no error in the matter of instructions, either as to those given or in the refusal to give others. Neither, under the circumstances, can we say that the judgment reduced by the court below from a verdict of $3,934 to $3,000, is excessive. The injury to the arm was a serious one. The respondent was unable to follow his ordinary vocation for about fifteen months. His earning power was three dollars a day. He suffered much pain. He expended $150 for physician's services. He paid hospital bills, etc. We can adopt no scale to figure out a just award under such circumstances. We can only disturb the verdict when it appears grossly excessive. We cannot say in this instance it is.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, DUNBAR, and CROW, JJ., concur.